ESSEX, March, 1833.

BINNEY & BROADHEAD vs. DANIEL PLUMLEY.

A note given to A. & B. as trustees of a corporation, must be sued in their names as trustees, and not in the name of the corporation; for they have the legal interest in the note.

But mere Servants or Agents making contracts for a corporation, cannot, in general, sustain actions on such contracts; but the same must be sued by the corporation, which has the legal interest in such contracts.

The averment in a declaration, that the defendant by his note, under his hand of that date for value received, promised to pay &c." implies the delivery of the note.

As the words, that the defendant, "by his note in writing under his hand &c." imply that the defendant made the note.

It is not necessary to raise a promise from the defendant's liability to pay the money contained in his note; but the plaintiff may declare that the defendant in, and by his note, promised &c.

This was an action of *Assumpsit*, commenced before a Justice of the Peace, and came up to the County Court by appeal, at the May Term, 1832. The plaintiff's filed the following declaration:

"In a plea of the case, for that the defendant at Barre, in the County of Washington, and State of Vermont, on the eleventh day of September, one thousand eight hundred and nineteen, by his note in writing, under his hand of that date, for value received, promised to pay the said Amos Binney and John Broadhead, plaintiffs, and their successors, Trustees of the New Market and Kingston Wesleyan Accademy, or their order, Twenty Dollars, in five years from the date thereof, interest be paid annually in the month of March. Yet although said time of payment has long since elapsed, said defendant hath not paid said note, nor any part thereof. To the damage of the plaintiff, as they say, fifty dollars, to recover which with just costs, they prosecute this suit.

To this declaration the defendant demurred specially and assigned the following causes:

Essex,
March,
1833.

In this case the defendant comes, &c. when, &c. and pleads and says, that the plaintiffs from having and maintaining their action aforesaid, against him, ought to be barred; because he says,

Binney & al
vs.
Plumley.

1st. That the action should have been brought in the name of the Corporation of New Market and Kingston Wesleyan Academy, and not in the names of the plaintiffs.

2d. That the plaintiffs have not averred a delivery of said note to them by the defendant.

3d. That the plaintiffs have declared upon the note as a specialty, whereas they ought to have alleged that the defendant in consideration of having made executed and delivered said note, undertook &c.

To this demurrer the plaintiff joined, and upon trial, the Court ruled, that the plaintiffs writ and declaration are sufficient, and that the plaintiffs recover their damages and costs, and rendered judgement accordingly. To which decision of the Court the defendant excepted. Exception allowed, and the cause was ordered to the Supreme Court for final decision.

The opinion of the Court was pronounced by

Baylies, J.—It is contended, that this action should have been brought in the name of the corporation of 'New-Market and Kingston Wesleyan Academy,' and not in the names of the plaintiffs. But it does not appear, that there is a corporation of that name : We know of none in this State ; and if one exists in Massachusetts, where the plaintiffs reside, the defendant should show it, by producing the act of incorporation, or by other legal evidence. This Court, without evidence, will not presume the existence of such a corporation. But admitting there is such a corporation, and the plaintiffs are trustees of it, and the note in question was executed to them, as such trustees, I conceive this action is well brought: The plaintiffs had the legal interest in the note, and should sue to collect the money.— See 1 Citty's Pleadings, 4.

If the plaintiffs had been mere servants or agents of the corporation, and had made a contract in their behalf, then the action should be in the corporate name.—(1 Chit. Pl.

Essex,
March,
1833.

Binney & al.
vs.
Plumley.

p. 4, and the authorities there referred to.) But it *seems* the plaintiffs did not act as *mere servants* or *agents*, who have no legal interest in their contracts; but acted as trustees, and took a legal interest.

The defendant also contends, that the plaintiffs have not averred the *delivery* of the note to the payees. It is not necessary in a declaration on a bill of exchange, to aver, that the maker delivered it : it is sufficient to state, that he *made* it ; for these words imply a delivery.—*Churchill* vs. *Gardner*, 7 T. R. 596.

In the case at bar, the plaintiffs aver, that the defendant, "*by his note*, under his hand of that date, for value received, *promised to pay* the said *Amos Binney* and *John Broadhead*," &c. But how could the defendant effectually *promise* the plaintiffs *by his note*, without *delivery?* I consider, *delivery* is implied in the words "*by his note promised*," &c., and it was not necessary to aver it.

In Chitty on Bills, 531, *n.*, it is said, "The averment of the delivery of the note to the payee is not necessary," and refers to 7 T. R. 596, and 5 East. 476.

The defendant also insists, that "the plaintiffs have declared upon the note, as a specialty, whereas they ought to have alleged, that the defendant, in consideration of having made, executed and delivered said note, undertook," &c.

Whoever will examine Mr. *Chitty's* critical observations upon an *English* declaration by the payee against the maker of a promissory note, will perceive, that there is no set of words, or phrases, necessary to be used on every occasion, in making a declaration.—Chitty on Bills, 529 to 532.

The plaintiffs, in this case, have adopted a concise form of a declaration : they do not aver that the defendant *made* the note ; but they aver that, which includes the *making ;* namely, that the defendant "*by his note in writing under his hand*," &c. It could not be "*his note in writing under his hand*," unless he *made* it. The plaintiffs have not raised a promise from the defendant's liability to pay the money contained in the note, according to the *English* practice ; but have declared, that the promise was made in and by the note itself, which is according to our practice.

Essex,
March,
1833.

On the whole, we consider the declaration sufficient, and the judgement of the County Court is affirmed.

George C. Cahoon, for the plaintiffs.

Cushman, Hibbard & Fletcher, for the defendant.