### ISAAC BROOKS *vs.* SYLVESTER EDSON.

"And the said note was afterwards by the said A. B. on the day and year last aforesaid, at W. aforesaid, endorsed and delivered to the plaintiff," is a sufficient allegation of the assignment or endorsement of a note.

This was an action on an endorsed note made payable by the defendant to one R. Daman, or order, and by said Daman endorsed. That part of the declaration which set forth the endorsement was as follows : "And the said note was afterwards, to wit, on the day and year last aforesaid, endorsed and delivered by the said Daman to one Erastus Burgiss and Jehial Griswold, and by the said Burgiss and Griswold endorsed and delivered to the plaintiff, to wit, on the day and year last aforesaid at Woodstock, aforesaid, and of this the defendant had notice, to wit, at said Woodstock; and the said note being so endorsed as aforesaid, the defendant became liable to pay said sum in said note specified, to the plaintiff, and afterwards, to wit, on the day and year aforesaid, on the endorsement thereof, promised the plaintiff to pay him said sum in said note specified and the interest." To this declaration there was a general demurrer.

At the county court judgment was rendered, that the declaration was sufficient, to which there was exception, and the cause passed to this court.

*Marsh and Williams, for the defendant.*—"A plaintiff who sues upon a bill or note must show in his declaration his right to sue thereon in the same manner as every other plaintiff must shew a sufficient title, to enable him to maintain the action which he brings."

Thus in an action by the endorsee, a bearer of a bill, it is necessary to shew that it authorized a transfer, and he must state *that the transfer was made.*—Bailey on bills, 180.—Chitty on B. Phil. Ed. 1821, p. 460.—Chitty do. N. Y. ed. by Huntington 1830, p. 350.

"Whatever forms a constituent part of the plaintiff's title must be set out correctly."—Chit. Phil. Ed. 460.—N. Y. Ed. by H. 350.

The forms in books of precedents, as established by usage in courts of justice are a part of the law of pleading and considered as binding as any part of the law. Such forms, as well as the law in general, have been simplified and improved, and nothing now is retained but what is essential to be stated and averred.—2 Saund. Plead. 740.—1 Ditto, 270, *et Seq.*

Windsor,
February,
1835.
Brooks
vs.
Edson.

Averments of a *delivery, his own hand writing thereto subscribed, for value received,* are not necessary in a declaration, and several others which could be mentioned—and so are the declarations as set forth in the precedents and the notes to said forms.—Chit. on Bills, Ph. Ed. 461–462.—Do. N. Y. Ed. by H. 357, forms 492–3—notes.—10 Johns. 418, *Saxton* vs. *Johnson.*

And it is there said that the words *for value received,* are words of description and an averment.

But all other averments not so noted are considered as essential and necessaay in a declaration, to give a good and sufficient cause of action.

When a note is endorsed blank a power is given to the assignee to fill it up, and before the transfer is complete it must be filled up with the words " pay the contents," &c.—Buller N. P. 275.

A bare endorsement without other words purporting an assignment does not work an alteration in the property.—*Lucas* vs. *Haynes,* Salk. 130.

Before the endorsee can maintain an action against the maker of a note, if the note is endorsed in blank, the endorsement must be filled up (which the endorsee has a right to do even on trial) with the words, " pay the contents," &c., I order or appoint the contents, &c., because it is the order and appointment contained in such endorsement, which transfers the right and interest in such note to the endorsee and without an *order* and appointment, the terms of the note are not complied with—for the note itself expresses to order, and that order must be expressed in the endorsement, or the order in the note must be complied with, and no interest passes without it.   Therefore, every endorsement must contain an order and appointment as essential to the transfer of the property and right of action in the endorsee.

If such order and appointment are material in a negotiable note such material facts must be averred in the declaration, as constituting a part of the plaintiff's title and claim to sue.

" The endorsee of a bill or note must show that it authorized a transfer, and that a transfer was made.  He must state his right according to its legal effect."—Swift's Ev. 329.

It is incumbent on the plaintiff in every declaration, founded on a breach of contract for the non-performance of which the action is brought, and consequently it is necessary to state in the declaration on a bill (or note) how the defendant became a party to it.—Chity, N. Y. Ed. 1830, p. 357.

WINDSOR,
*February*,
1835.

Brooks
*vs.*
Edson.

So the plaintiff who sues upon a bill (or note) must show in his declaration his right to sue thereon.—Page 359.

" To a bill payable to order, the holder can have no title, unless the payee has actually expressed his order by his endorsement. The engagement of the acceptor is not to pay every one who shall happen to be the bearer, but those only who shall be entitled by order of the payee."—Swift's Ev. 332.

In all bills or notes payable to order the custom must direct how they shall be assigned ; and in respect to bills payable to order, the custom has directed that the assignment should be made by a writing on the bill, called an endorsement appointing the contents to be paid to some third person.—1 H. Bl. 605, *Chitworth* vs. *Leach.*—Chitty on B. Phil. Ed. 170, *n. a.*—Do N. Y. Ed. 1830, 131, Note (L.)

" If the note or bill was payable to order and the action by the endorsee, such endorsement *must be stated* so as to show his title. An endorsement *by the payee must, at all events, be stated,* because without that, it cannot appear that he made an order, on the existence of which depends the title of the endorsee."—Kyd on Bills, 124, Dublin Edition, 1791.

"And in the transfer of bills and notes payable to order, it is necessary, in addition to delivery, that there should be something by which the payee may appear to express his order."—1 Saund. Plead. 263.

" In an action by the assignee of a note, he must set forth in his declaration such facts as to constitute an assignment in law so as to give him a right of action in his own name."—16 Mass. 314, *Russell* vs. *Swan.*—Story's Chitty, 101.

The declaration in the above case has the following words of transfer, viz : "And afterwards at said Boston on the 23d day of April, 1810, the said Jeffrey, in full life, for a valuable consideration, assigned, transferred, and set over to the said Joseph, the plaintiff's testator, then in full life, all his, said Jeffrey's, right, title and interest of, in and unto the note aforesaid and the contents thereof, of which the said Swan had notice." &c.

To this there was a general demurrer :—and the court say as to this count in the declaration, " It is very clear that the first count in the declaration cannot be supported. It sets forth an assignment of a chose in action, without averring such facts as alone constitute an assignment, so as to give a right of action in the assignee.

The order and appointment, not being set forth in the foregoing

45

WINDSOR,
February,
1835.
───────
Brooks
vs.
Edson.

declaration according to the legal form and effect of the endorse-ment, was such a substantial defect as made it fatal, notwithstanding this declaration averred a valuable consideration, assignment, trans-fer and set over; but the averment of the order and appointment being omitted, the declaration was decided insufficient.

The case at bar, as now amended, contains no averment of a transfer, legally and technically so called. The words *endorsed* and *delivered* are every fact set forth, and we have seen that the averment of a delivery is unnecessary. Then it stands wholly on the word *endorsed*, which of itself imports no sufficient legal set of facts whereby an order and appointment can be legally raised. An or-der and appointment must appear upon the declaration itself to raise a promise from the assignor or to the assignee. It must ap-pear for what purpose it was endorsed and by whom, whether by himself or by procuration. It may be endorsed to an agent for the purpose of receiving the avails for the use and benefit of the en-dorser, or it may be endorsed to be carried to the credit of the en-dorser, or the endorsement may be made to himself. It is impos-sible, therefore, that the simple word *endorsed* implies an order and appointment sufficient in a declaration to enable an endorsee to maintain an action in his own name.

It must appear, from the declaration, to whom the note was transferred, with proper words, set forth with legal certainty to show the interest transferred, for such transfer is a constituent part of the declaration to enable the endorsee to maintain his suit.

Every averment, material and necessary must be set forth in a declaration, or the plaintiff cannot recover. The endorser stands in the place of a new drawer, (or maker of a note) and the aver-ment of an order and appointment in the transfer of a note paya-ble to order is essential to show the endorser's liability, and to con-nect the endorser as a party to the bill. Without such order and appointment there can be nothing to make him privy to the note or bill, and if a distinct cause of action does not appear upon the declaration it will be bad on general demurrer.—1 Wilson Rep. 88.—Story on Plead. 34, N. 6.

It is now the practice in declaring on an endorsed note or bill, when there are several endorsers to set them forth in a concise manner, but at the close of this short statement, the plaintiff must set forth an order and appointment from his own immediate endor-ser, as is found in the forms in all the approved authorities.—Chitty on Bills, Phil. Ed. 632. N. Y. Ed. 1830, 493—359--60.— 1 Saund. Pl. 269.

And for the want of a proper averment of the transfer in this declaration, it is therefore bad.

*T. Hutchinson, for the plaintiff.*—In support of this mode of declaring, we cite 3 Chitty's Plead. 13, where he gives the form in these words : "And the said S. H. (the payee) then and there endorsed and delivered the said promissory note to one J. K. who then and there endorsed and delivered the said promissory note to the said plaintiff," and he says in a note, " this concise mode of stating the endorsement, will in all cases suffice." We also cite Oliver's Precedents, page 138–9, where he gives exactly the same form.

The opinion of the court was delivered by

COLLAMER, J.—*Bills of exchange* were negotiable by the law merchant, and in a particular manner, by an order or appointment of the contents to be paid, &c.   In relation to bills resting both in England and here upon the law merchant as a part of the common law, perhaps it would be necessary to declare in the manner insisted on by the defendant's counsel, and as the authorities by him cited seem to imply ; for in that case, the plaintiff's right of recovery arises from the contract.   Notes of hand rest on a different law.   The right of action is given by statute, and does not simply arise from the contract ; and if the declaration contains sufficient allegations to show the plaintiff is entitled by the statute to recover, it is sufficient.   The statute 3d and 4th Anne, after providing that the payee of a note may maintain an action on the note in his own name, as he might do on an inland bill of exchange, provides that *any person to whom such note is endorsed or assigned, or the money therein mentioned ordered to be paid by endorsement thereon,* may maintain his action in like manner as in case of inland bills of exchange.   For some time after the passage of this act, it was considered by the profession that notes were put on the ground of bills of exchange, and the mode of declaring either by the payee or the endorsee was to state the execution of the note, &c. the liability *by the custom of merchants,* and then raise an assumpsit; and so are many of the ancient forms.

On a more full examination and liberal view of the statute, and in pursuance of the growing liberality and conciseness of modern pleading, the forms of declaring on *notes of hand* have essentially changed.   It is now considered that the action may be *on the note,* and assumpsit may be sustained on the promise contained in the

note, without stating a liability, and then raising an assumpsit thereon.—*Binney and Broadhead* vs. *Plumley*, 5 Vt. Rep. 500.

The statute provides that an action may be sustained by any one to whom it is endorsed or assigned, or the contracts ordered to be paid. Here are three distinct provisions. Formerly on the same view that notes were put simply on the ground of bills, the declaration was on the last clause, and formally set forth that the contents were appointed or ordered to be paid by endorsement thereon, &c., then stated that thereby and by the custom, &c. the defendant had become liable, and then raised an assumpsit. Gradually this was relaxed, and now it is the practice to sustain the action on the other clause of the statute, to wit, the person *to whom the same is endorsed*, or if the note be to *bearer* to whom it is assigned, which may be by delivery. As *endorsee of a note*, it is necessary to allege, in order to entitle the plaintiff to recover, not so much what would give him the action *by the contract* but *by the statute*. For this purpose, it is but necessary to show the defendant executed such a note as is within the statute, and that the plaintiff is the endorsee thereof. The form given by Mr. Chitty (Plea. vol. 3, p. 13) for an *endorsee of a note* is this: " And the said G. H. then and there endorsed and delivered said note to one J. R., who then and there endorsed and delivered the said note to the plaintiff." And in his note he says, " this concise mode of stating the endorsements will *in all cases* suffice."

By our statute, which makes no provision like the statute of Anne for the payee to have an action *on the note*, provision is made that the *endorsee* may maintain the action. All that can be necessary under our statute on this point is, to show the plaintiff to be *endorsee*, as under the statute of Anne. That the payee did *endorse* and deliver the note to the plaintiff, is all that can be necessary ; as the word *endorse* is a *technical* word, having in law a distinct meaning, without the declaration explaining the mode or manner in which it was done.

