WILLIAM W. THORP, Respondent, *v*. THE KEOKUK COAL COMPANY OF THE CITY OF NEW YORK, Appellant.

An admission in an answer that a deed was executed to the defendant is in effect an admission that the deed was signed, sealed and delivered.

The grantee in a simple quitclaim deed, in the absence of fraud or mistake, has no remedy for a failure of title against his grantor, nor has he any defence to an action for the consideration on the ground of failure thereof.

Defendant accepted a deed of certain premises containing a clause that it was made subject to a mortgage which the grantee thereby assumed and agreed to pay. The bonds accompanying the mortgage contained a condition that, in case of default, recourse must first be had to the lands mortgaged, and that the obligors would only be answerable for the deficiency.

*Held*, that the mortgagee could maintain an action upon the implied covenant in defendant's deed, without first foreclosing the mortgage, and could recover the whole amount unpaid.

*King* v. *Whitely* (10 Paige, 465) overruled, and *Trotter* v. *Hughes* (12 N. Y., 770) explained.

(Argued September 26, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of the plaintiff entered upon a verdict. (Reported below, 47 Barb., 439.)

Action upon an implied covenant in a deed executed to defendant. The following facts appeared upon the trial:

On the 5th day of July, 1860, Joseph F. Franklin executed and delivered to the plaintiff a mortgage of that date on certain lands in Iowa, to secure the payment of a bond of the same date, which was made and executed by Franklin and his

co-obligors, J. W. Currier, Levi Dodge, N. B. La Bau and N. S. Washburn, conditioned for the payment to the plaintiff of $4,000 in two years from date, with interest. This bond contained the following clause: " It being expressly understood and agreed, that, in case of default in the payment of interest or principal on the bond, that in such case recourse must be first had to the property described in said mortgage, by foreclosure and sale under said mortgage and bond, and that the above obligors shall only be answerable for any deficiency of the mortgage debt after such foreclosure and sale."

On the 1st day of December, 1860, Franklin executed a deed of the mortgaged premises, purporting to convey them in fee to the defendants. The deed of conveyance contains the following clause : " This conveyance being made subject to a certain mortgage made and executed by Joseph F. Franklin, one of the parties of the first part hereto, to William W. Thorp, for the sum of four thousand dollars, with interest thereon, dated July 5, 1860, and which was acknowledged November 30, 1860, and is ready to be recorded; said mortgage having been given by said Franklin to said Thorp to secure a part of the consideration money arising on a sale and conveyance of the within premises by said Thorp to said Joseph F. Franklin; the payment of which said mortgage, with the interest now accrued and hereafter to accrue, is hereby assumed by the party of the second part hereto."

The bond not having been paid when due, this action was brought against the defendants upon their implied covenant in the deed to pay the mortgage debt. No previous proceedings had been instituted by the plaintiff to foreclose the mortgage.

There was also some evidence as to the delivery of the deed from Franklin to the defendant; and the defendant offered to prove,

1. That the plaintiff had never resorted to his rights under the mortgage, by foreclosure and sale, for the collection of the claim for which this action is brought, and as he is required to do under the provisions of the bond and mortgage.

2. That the consideration of the deed from Franklin and wife to defendant has failed.

3. That no consideration passed in the mortgage.

To which offers, on the part of defendant, the plaintiff objected, and the court overruled the same, to which decision of the court defendant excepted.

The court held that there was no question for the jury, and decided, as a matter of law, that the defendant had assumed to pay the mortgage debt, and that the plaintiff could recover the whole of it without first foreclosing the mortgage, and directed the jury to find a verdict for the plaintiff. The defendant took proper exceptions to the rulings of the court. Other facts appear sufficiently in the opinion.

*James Emott* for appellant.

*George W. Stevens* for respondent. Plaintiff is entitled to maintain this action, although the mortgage has not been foreclosed. (*Barker* v. *Bucklin*, 2 Denio, 46; *Lawrence* v. *Fox*, 20 N. Y. R., 268; *Burr* v. *Beers*, 24 id., 178; *Ricard* v. *Sanderson*, 41 id., 179.) The proviso in the bond was for the sole benefit of the obligors. Defendant is not entitled to the benefit of any proviso, exception or reservation contained therein. (*Hornbeck* v. *Westbrook*, 9 Johns. Rep., 73, *Burr* v. *Mills*, 21 Wend., 290; *Schermerhorn* v. *Talman*, 4 Kern., 93; *Ives* v. *Van Auken*, 34 Barb., 566.)

EARL, C. It was claimed, upon the trial and upon the argument in this court, that the plaintiff could not recover, because there was no proof that the deed from Franklin to the defendant was ever delivered to or accepted by the defendant. There is no such defence set up in the answer. On the contrary, it is expressly admitted that Franklin and wife "executed" the deed to the defendant, and this is, in effect, an admission that the deed was signed, sealed and delivered. (Bouvier's Law Dic., "Execution;" *Churchill* v. *Gardner*, 7 T. R., 506; *Binney* v. *Plumby*, 5 Verm., 500.)

The court properly overruled the offer of the defendant to show the failure of consideration in the deed from Franklin to the defendant, and also of the mortgage from Franklin to the plaintiff. These offers were quite too general, but we will assume that the defendant offered to prove the failure of consideration set up in his answer, as follows:

" The defendant further says, that the title to the said twenty-two acres, in said complaint and mortgage mentioned and described, has wholly failed and never was in the plaintiff, his grantors, or the New York and Farmington Coal Company, nor could he convey the same, but that the same formed part of the consideration of said bond and mortgage, and that the same is the most valuable part of said real estate, and formed the principal part of said consideration of said bond and mortgage, and that the same has wholly failed."

There were two pieces of land described in the deed and mortgage, one piece of seventy-eight acres and another of twenty-two acres. The deed from Franklin was a quitclaim deed, with covenants only against his own acts. And there is no complaint that these covenants were broken. In such a case, in the absence of fraud or mistake, even if the title to all the lands described should fail, the grantee would be without any remedy against his grantor, or any defence to an action for the consideration, on the ground that it had failed. The grantee in a deed has no remedy, for a failure of title, against his grantor, in the absence of fraud or mistake, except upon the covenants contained in his deed, and if he has no covenants he has no remedy.

This brings us to the only other question in the case, and that is whether the plaintiff could recover without first foreclosing his mortgage. In the deed from Franklin to it, the defendant expressly assumed to pay the plaintiff's mortgage, and this, as it is now well settled, binds the defendant to the same extent as if it had also signed the deed. There has been some diversity of opinion as to the ground upon which the liability of the grantee in a deed in such a case must rest, and it has finally been settled that it may rest upon the doc-

trine, that where one person makes a promise to another for the benefit of a third person, the third person may maintain an action upon it. (*Burr* v. *Beers*, 24 N. Y., 178.) In such a case it is not needful that there should be any consideration passing from the third person. It is sufficient if the promise be made by the promisor upon a sufficient consideration passing between him and his immediate promisee, and when the third person adopts the act of the promisee in obtaining the promise for his benefit, he is brought into privity with the promisor, and he may enforce the promise, as if it were made directly to him. (*Lawrence* v. *Fox*, 20 N. Y., 268.)

The defendant, for a sufficient consideration passing between it and Franklin, agreed to pay the amount of the mortgage debt to the plaintiff. This the defendant agreed to do personally and absolutely, and not upon the condition that resort should first be had to the land by foreclosure of the mortgage. It matters not that the mortgagor was not liable to pay personally until after foreclosure, and that he was then liable only for the deficiency. It would have made no difference if he had not been liable at all, the defendant having promised, upon a sufficient consideration, to pay the debt. This suit is not primarily upon the bond and mortgage, but upon the promise of the defendant to pay it; and this promise binds the defendant to pay the mortgage debt as it falls due, according to the terms of the bond and mortgage. It was not a conditional or contingent promise, and could not be discharged by payment only of a portion of the debt.

It is claimed by the learned counsel for the appellant that the cases of *Ring* v. *Whitely* (10 Paige, 465) and *Trotter* v. *Hughes* (12 N. Y., 74) call for a different conclusion upon this branch of the case. The case of *Ring* v. *Whitely* was decided before the law was settled that an action at law could be maintained by the third person upon a promise like the one in question. It was manifestly supposed by the chancellor that the mortgagee could enforce this promise only in equity, upon the principle that in equity the creditor is entitled to the benefit of all collateral obligations for the

payment of the debt which a person, standing in the situation of a surety for others, has received for his indemnity and to relieve him or his property from liability for such payment; or, in other words, that the undertaking of the grantee to pay off the incumbrance is a collateral security acquired by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee. In such case the mortgagor stands as the surety and the grantee as the principal for the payment of the debt. And the reasoning of the chancellor seems to have been, that in a case where the mortgagor was not liable for the debt, the relation of principal and surety between him and his grantee could not exist, and hence, that there could be no subrogation in equity, and no ground upon which equity could seize hold of and enforce the promise of the grantee in favor of the mortgagee. But since it has become settled that the promise of the grantee brings him into direct privity with the mortgagee, so that the latter can, at law, sue him upon his promise, I can perceive no reason for invoking the doctrine of equitable subrogation as the sole ground for his liability in equity. So that, now, whether the mortgagor was bound for the debt or not which his grantee has assumed to pay to the mortgagee, I have no doubt that the grantee, contrary to the holding of the chancellor, is a proper party to a foreclosure suit under 2 R. S., 191, section 154.

In the case of *Trotter* v. *Hughes*, the grantee, Hughes, had not assumed to pay the mortgage. He bought, subject to the mortgage, which it was stated formed the consideration of the deed, and in no way became personally bound to pay the mortgage, and, hence, there was ample ground for defeating the plaintiff's claim against Hughes, without resorting, as Judge Denio in his opinion did, to the doctrine laid down by the chancellor in *King* v. *Whitely*. But later the learned judge's views underwent some modification; and in *Burr* v. *Beers* (*supra*) he placed the liability of the grantee, who has assumed the payment of a mortgage, upon the broad ground, that if one person makes a promise to another, for the benefit

of a third person, that third person may maintain an action on the promise.

I have, therefore, reached the conclusion that the judgment must be affirmed with costs.

LEONARD, C.   There is but one point raised by the defendant as to which there can be any doubt of the correctness of the judgment appealed from.

It relates to the stipulation in the bond secured by the mortgage which the defendant has assumed to pay, that recourse shall be had to the premises mortgaged, by a foreclosure and sale, before resorting to the liability of the obligors in the bond, and that they shall be liable only for the deficiency.   The bond is payable in two years—that is the term of credit on the debt, and prevents an action to foreclose the morgtgage, as well as any action at law to collect the bond.

The other stipulation, as to the resort to the personal liability of the obligors, does not prevent an action to foreclose the mortgage.   On the contrary, it requires the obligee to pursue the mortgage, and exhaust that remedy first.   Thus it appears that the stipulation does not extend or enlarge the term of credit on the debt, but affects the order in which the remedies may be taken to enforce payment.

The liability of the defendant is created by the terms contained in the conveyance of the mortgaged property which the company accepted.   The defendant thereby assumed the payment of the mortgage.   The term of credit named in the bond bars any action to collect the mortgage, and operates likewise to prevent any action against the company till the expiration of that time, although the terms of the deed to the defendant implies present time.

There is nothing, however, in the contract of the defendant, by which the mortgage is assumed, stipulating for any benefit as to the order in which the holder of the mortgage may take his remedies to obtain payment.   Had the defendant claimed any such right, it might have been secured, by assuming the deficiency only to arise after a foreclosure and

sale.   The contract is different, however.  It assumes the whole debt.

The judgment should be affirmed.

All concur.

Judgment affirmed.