CHARLES W. VROOMAN, GUARDIAN, ETC., RESPONDENT, *v.* HARRIET B. TURNER, WIFE OF THOMAS C. TURNER, IMPLEADED WITH CHARLES E. EVANS AND OTHERS, APPELLANT.

*Grantee — assumption of mortgage by — liable to pay, although her grantor was not — Coverture no defense.*

A. executed a mortgage on certain premises to B., and afterward sold and conveyed them to C., and by various mesne conveyances they came to T., a married woman. In none of the conveyances except the one to T, was there any covenant by the grantee to pay said mortgage. *Held*, that T. was liable on her covenant. Further, that her coverture was no defense to the action, as the liability was contracted upon the purchase of real estate in her own name, and which thus

became her separate estate, and her covenant was a contract to pay a portion of the purchase-money, and was, therefore, for the benefit of her separate estate.

APPEAL by the defendant Harriet B. Turner, wife of Thomas C. Turner, from so much of a judgment of foreclosure and sale, entered with the clerk of Kings county, January 29, 1876, as directed that she should pay any deficiency.

The action was brought for the foreclosure of a mortgage made by Charles E. Evans to John W. Eddy for $5,500 on property in Brooklyn. Eddy assigned the mortgage to Robert R. Rhodes, guardian, who assigned it to this plaintiff.

Evans conveyed the mortgaged premises to Harry W. Mitchell; Mitchell to Edward P. Cone; Cone to Jane L. Eaton; and Eaton to Daniel A. Sanborn. In none of these deeds did the grantee assume to pay the mortgage.

Daniel A. Sanborn conveyed the premises to the appellant Harriet B. Turner.

"Subject, nevertheless, to the payment of a certain indenture of mortgage, bearing date the 5th day of August, 1873, made and executed by Charles E. Evans to John W. Eddy, to secure the principal sum of $5,500 and the interest thereon, and recorded in the office of the register of the county of Kings, in liber number 1,166 of mortgages, page twenty-two, on the 9th day of August, A. D. 1873, which mortgage the party hereto of the second part hereby covenants and agrees to assume to pay off and discharge, the same forming part of the consideration thereof having been deducted therefrom."

The only question was as to the liability of the appellant for deficiency.

The case was tried before John P. Rolfe, referee, who decided in favor of the plaintiff.

*Edward T. Bartlett,* for the appellant.

*N. H. Clement,* for the respondent.

DYKMAN, J.:

On the 5th day of August, 1873, the defendant Charles E. Evans made and executed a mortgage upon certain lands and premises, of

which he was then the owner, in the city of Brooklyn, to secure the payment of $5,500. After the execution and recording of this mortgage, the premises were sold and conveyed by the said Charles E. Evans, and came by several mesne conveyances to one Daniel A. Sanborn. In neither of the deeds of conveyance did the grantees assume the payment of the mortgage. On the 6th day of April, 1875, Daniel A. Sanborn conveyed the same premises to Harriet B. Turner, the defendant, who was then a married woman. This deed conveys the premises subject to the mortgage, and contains the following clause : " which mortgage the party hereto, of the second part, hereby covenants and agrees to assume, pay off, and discharge, the same forming a part of the consideration thereof, having been deducted therefrom." This deed was accepted and recorded.

This action is now commenced to foreclose the mortgage, and charge the defendant Harriet B. Turner with the payment of any deficiency, provided the proceeds of the sale shall be insufficient to pay the mortgage. Judgment has been rendered in favor of the plaintiff for the foreclosure of the mortgage, and for deficiency against the defendant Harriet B. Turner, who has appealed from the judgment.

It is now claimed that the portion of the judgment which holds the defendant Harriet B. Turner personally liable for deficiency is obnoxious to the principles of law enunciated by the Court of Appeals in the case of *Trotter* v. *Hughes* (12 N. Y., 74). It is claimed that that case decided that where, as in this case, the grantor in a conveyance is not personally liable to the holder of the mortgage to pay the same, his grantee is not liable, although assuming, in terms, to pay it.

What the precise state of the law is in this State which is to govern this case, it is not very easy to determine. *Trotter* v. *Hughes* seems to decide all that is claimed for it. The old doctrine of the Court of Chancery was, that where a grantee in a deed assumed the payment of a mortgage, he became thereupon the principal debtor, and the mortgagee occupied the position of surety, and the mortgagee was permitted to resort to the grantee to recover the deficiency after applying the proceeds of the sale by virtue of the doctrine of subrogation in equity, by which the cred-

itor was entitled to all the collateral securities which the debtor had obtained to reinforce the primary obligation, and *Trotter* v. *Hughes* seems, by the reasoning of the opinion, to have been decided upon that principle. We cannot, however, overlook the fact that in that very case the defendant Hughes had not undertaken personally to pay the mortgage at all, and the decision would have been fully as satisfactory if it had been placed upon that ground. Upon the questions which were discussed in *Trotter* v. *Hughes* there was a good deal of conflict of judicial opinion, until the case of *Lawrence* v. *Fox* came before the Court of Appeals and directly involved the question. In that case one Holly owed the plaintiff $300; he loaned the defendant $300, and told him at the same time that he owed the plaintiff that amount, and the defendant promised Holly that he would pay that amount to the plaintiff the next day. The plaintiff recovered in the court below, and the Court of Appeals affirmed the judgment, and placed its decision on the broad ground that if one person makes a promise to another for the benefit of a third person, that third person may maintain an action on the promise, although he was not privy to the consideration.

This was followed by the case of *Burr* v. *Beers* (24 N. Y., 178), where it was held, in unqualified terms, that a mortgagee may maintain a personal action against a grantee of the mortgaged premises who has assumed to pay the incumbrance.

As before observed, the case of *Trotter* v. *Hughes* would be more satisfactory if the decision in favor of the defendant had been placed upon the ground that the defendant had not assumed the payment of the mortgage and had not become liable to pay it in any way, and the action could not be maintained against him for that reason. But whatever else may be said about that case, it cannot be considered as authority since the case of *Burr* v. *Beers*, where the Court of Appeals broke entirely away from the old equitable doctrine, which has been alluded to, and placed the case upon the broad principle that if one person make a promise to another for the benefit of a third person, that third person may maintain an action upon the promise. As this must be taken for the law of this State to-day, it certainly can make no difference in this case whether Daniel A. Sanborn was personally liable to pay the mortgage in question or

not. As in the case of *Burr* v. *Beers*, so in this case, the amount due upon the mortgage was left in the hands of the purchaser, and she undertook to pay it; the assumption clause in that deed is substantially the same as in this. The defendant, Harriet B. Turner, was bound to pay the whole consideration for the premises, but by the assumption clause in the deed a portion of it was set apart for the payment of this mortgage, and she undertook to pay it. This was simply an agreement to pay her own debt, and there is every reason, both in law and morals, why she should do so; she bought this land for a stipulated price, and instead of paying it all to her grantor she retained a part of it, and agreed to pay that part upon this mortgage. As we have no controlling authority to prevent us from so doing, we have no hesitation in holding that this rendered her liable to pay the mortgage.

We think that the coverture of the defendant was no defense to this action. The liability was contracted upon the purchase of real property by the defendant in her own name, and which thus became her separate estate. It was a contract to pay a portion of the purchase money, and was therefore for the benefit of her separate estate. (*Ballin* v. *Dillaye*, 37 N. Y., 35.)

The judgment must be affirmed.

Present — BARNARD, P. J.; GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.

Since the decision of *Merrill* v. *Green* (55 N. Y., 270), it seems to be questionable whether a contract beneficial to a third party can be enforced by him in any case, unless:

1st. It be therein *expressly* stated to have been made for his benefit; or,

2d. The party assuming the obligation has received money or property out of which to pay it. — [REP.