ELLEN M. PIKE, RESPONDENT, *v.* PHILIP J. SEITER, IMPLEADED WITH BARBARA A. SEITER AND OTHERS, APPELLANT.

*Liability of vendee in a contract of sale assuming a mortgage — not affected by the deed being made to his wife.*

Defendant Seiter entered into a written agreement, by which he agreed to purchase certain real estate and to pay therefor $34,000, part in cash and part by assuming the payment of a mortgage on the premises, for the foreclosure of which this action was brought. By the request of Seiter, the deed was made to his wife. Upon appeal from a judgment in this action, holding Seiter liable for any deficiency, *held*, that the agreement of Seiter to pay the mortgage inured to the benefit of the owner thereof, and that his liability was not affected by the fact that, at his request, the deed was made to his wife.

APPEAL by Philip J. Seiter from a judgment entered upon the trial of this action by the court without a jury. The action was brought in the county of New York to foreclose a mortgage, and charge the defendant Seiter with any deficiency that might arise upon the sale.

*Philip J. Joachimsen,* for the appellant. If the defendant Seiter did not fulfill his contract with Schlesinger, he became liable for damages to Schlesinger as if on a common-law liability only. Such damages can be recovered in an action on a money demand on contract. In such action the defendant is entitled to a trial by jury. For such a purpose this action could be severed. (Sec. 2, art. 1, Const. of the State; Former Code, § 253; *Hunt* v. *Chapman,* 51 N. Y., 557; *Bathgate* v. *Haskins,* 59 id., 539.) Mr. Seiter never was the grantee of the premises. He never had an estate in them, and he has not, therefore, become either a principal debtor or a surety to the mortgagee. (*Garvey* v. *Rogers,* 47 N. Y., 263; *Barlow* v. *Meyer,* 64 id., 41; *Merrell* v. *Green,* 55 id., 270; *Ætna N. B.* v. *Fourth N. Bk.,* 46 id., 92; *Sandford* v. *Travers,* 40 id., 144; *Simson* v. *Brown,* 68 id., 355; *Johnson* v. *Morgan,* 68 id., 494; *Fork* v. *Ridge,* 41 id., 201.

*William A. Beach,* for the respondent. The demand of the appellant for a jury trial of the issues joined as to him was prop-

erly denied, (Const., art. 1, § 2; 2 R. S., 191, § 154; *Dunkley* v. *Van Buren*, 3 Johns. Ch., 330; 2 Dan. Ch. Pr. [4th Am. ed.], 1080.) If the appellant desired a trial by jury of any question of fact involving his personal liability for the mortgage debt, he should have made a motion for that purpose, under General Rule 40, of 1874. (Rule 31, of 1878.) The appellant is liable to the respondent for deficiency under his agreement in the contract to assume the mortgage in suit. An agreement made between a debtor and a third party, for the benefit of a creditor of the former, can be enforced by such creditor. (*Schermerhorn* v. *Vanderheyden*, 1 Johns., 139; *Lawrence* v. *Fox*, 20 N. Y., 268; *Dingeldein* v. *Third Ave. R. R. Co.*, 37 id., 575; *Barker* v. *Bradley*, 42 id., 316; *Cooley* v. *Howe Machine Co.*, 53 id., 620; *Glen* v. *Hope Mut. L. I. Co.*, 56 id., 379; *Fischer* v. *Same*, 3 L. & E. Rep., 654; *Barlow* v. *Myers*, 64 N. Y., 41; *Arnold* v. *Nichols*, 64 id., 117; *Simson* v. *Brown*, 68 id., 355; *Burr* v. *Beers*, 24 id., 178; *Blyer* v. *Monholland*, 2 Sandf. Ch., 478; *Thorp* v. *Keokuk Coal Co.*, 48 N, Y., 253, 256.) A legal title is unnecessary in equity, and immediately upon the making of the contract the purchaser (in this case the appellant) is considered the owner for all purposes whatever. (*Davie* v. *Beardsham*, Cas. in Chy., 39; *Lingen* v. *Soury*, 10 Mod., 39; *Atcherley* v. *Vernon*, id., 518, 526; *Daniels* v. *Davison*, 16 Ves., 219; *Hull* v. *Vaughan*, 6 Price, 157, 167; *Mortimer* v. *Capper*, 1 Bro. Chy., 156; *Kenney* v. *Wixham*, 5 Madd., 355; *Champion* v. *Brown*, 6 Johns. Chy., 398; *Cogswell* v. *Cogswell*, 2 Edw. Chy., 231, 239; *Lowrey* v. *Tew*, 3 Barb. Chy., 407, 414; *Mott* v. *Coddington*, 1 Robt., 267, 276; *Lewis* v. *Smith*, 9 N. Y., 502.) The appellant being personally liable for the mortgage debt, the court had power to make a decree against him for deficiency in this action. (2 Rev. Stat., 191, § 154; *Curtis* v. *Tyler*, 9 Paige, 432; *Cornell* v. *Prescott*, 2 Barb., 16; *Russell* v. *Pistor*, 7 N. Y., 171.)

INGALLS, P. J.:

On the 20th day of May, 1875, Jonas Schlesinger and Phillip J. Seiter entered into a written agreement, by which the latter agreed to purchase of the former certain premises known as lot

465 Fourth avenue, in the city of New York, and to pay therefor $34,000, a portion thereof in cash, and the residue by assuming the payment of two mortgages, then being incumbrances upon the same premises, and one of which has been foreclosed in this action. By the direction of Phillip J. Seiter the deed of the premises was executed to his wife by Schlesinger. Upon the trial judgment of foreclosure was directed by the court, and in case there should be a deficiency upon the sale of the premises, it was further adjudged that Phillip J. Seiter should be liable therefor under his covenant to assume the payment of the mortgage. Judgment has been entered in accordance with the decision, and the defendant, Phillip J. Seiter, appeals from the portion of the judgment which declares him liable for the deficiency. The facts clearly show that Phillip J. Seiter purchased the premises, and, as part of the consideration, assumed to pay the mortgage in question. By such arrangement the mortgage debt became his to pay, and his undertaking, based, as it was, upon a valid and adequate consideration, inured to the benefit of the owner of the mortgage. He voluntarily adopted such mode of paying a debt which he contracted by purchasing the property in question. (*Thorp* v. *The Keokuk Coal Co.*, 48 N. Y., 253 ; *Lawrence* v. *Fox*, 20 id., 268 ; *Burr* v. *Beers*, 24 id., 178 ; *Barker* v. *Bradley*, 42 id., 316.) The conveyance of the premises to the wife of Seiter, by his direction, cannot, in our opinion, relieve him from liability by virtue of his covenant, any more than if he had accepted a conveyance to himself, and subsequently vested the title in his wife. (*Bennett* v. *Abrams*, 41 Barb., 620.) This being purely an equity action, the defendant has no absolute right to have any question involved submitted to the jury; that was matter of discretion with the court to submit or not as it deemed proper.

The judgment should be affirmed, with costs.

DANIELS and POTTER, JJ., concurred.

Judgment affirmed, with costs.