Norwood *v.* De Hart.

---

JOHN NORWOOD and others, executors,

*v.*

CHARLES C. DE HART and others.

The liability of a grantee who assumes the payment of a mortgage on lands conveyed to him, depends upon the personal liability of his immediate grantor; therefore, if a grantor is not so liable, the mortgagee can not claim any deficiency from such grantee.

On bill and general demurrer by De Hart.

*Mr. H. C. Pitney* and *F. A. Johnson,* for the demurrer.

*Mr. A. W. Bell, contra.*

THE CHANCELLOR.

This suit is brought to obtain a decree against the defendants for the amount remaining unpaid upon a decree in favor of the complainants in a suit for foreclosure of mortgage upon premises which were owned by the defendants respectively, at different times, subject to the mortgage. The mortgaged premises were sold under the execution issued on the decree in that suit, and were purchased by the holder of a mortgage prior to that of the complainants', for a sum less than the amount due on his mortgage, so that nothing was realized by the complainants on their mortgage.

The bill states that the complainants' mortgage, which is for $2,000 and interest, was given by Charles Meyenberg, on or about the 20th of July, 1869; that the prior mortgage, which was for $2,000 and interest, was given in 1868, by Frank Hunkley; that in May, 1871, one Nicholas Pflaum, then being the owner of the mortgaged premises, and both of the mortgages being subsisting liens thereon for the full amount of the principal thereof, conveyed the property to De Hart, for the consideration of $10,000, as stated in the deed; that the deed contained the declaration and acknowledgment that the conveyance was made subject to the mortgages, and that the principal thereof was computed as part of the purchase-money, and contained, also, the stipulation that the existence of the mortgages should not be held to work a breach of any of the covenants in the deed; that in August, 1871, De Hart conveyed the premises to Benjamin Sire expressly subject to those mortgages and a subsequent one for $1,000 and interest, which had been given thereon by De Hart; that the deed to Sire contained the declaration that the principal of those mortgages was computed as so much of the purchase-money of the property; that in Sep-

tember, 1871, Sire conveyed the property to Moses H. Williams, expressly subject to the three mortgages, and Williams therein assumed the payment of them; that Williams afterwards died, and the executors of his will, in March, 1873, conveyed their right, title and interest in and to the property, to De Hart, subject to the three mortgages, the payment of which he thereby assumed; that subsequently, in December, 1873, De Hart sold and conveyed all his interest in the premises to the defendant Genung, subject, as stated in the deed, to the encumbrance of two mortgages, the principal of which amounted to $4,000, the payment of which Genung thereby expressly assumed; and that, in January, 1872, the complainants' testator began the above-mentioned suit for foreclosure, which resulted as before stated.

The complainants' claim to a decree against the defendants, rests on the ground that the creditor is entitled to the benefit of all the collateral securities which the debtor has obtained to re-enforce the primary obligation. *Klapworth* v. *Dressler*, 2 *Beas*. 62. But a mortgagee cannot avail himself of an assumption to pay his mortgage contained in a deed to a subsequent purchaser, unless the grantor was himself personally liable to pay the debt. *Crowell* v. *Hospital of St. Barnabas*, 12 *C. E. Gr.* 650, 656; *King* v. *Whitely*, 10 *Paige* 465; *Trotter* v. *Hughes*, 12 *N. Y.* 74. In this case, it does not appear, from the bill, that De Hart's grantor, Pflaum, was personally liable for the payment of the complainants' mortgage. It, therefore, does not appear (giving to the acknowledgment contained in the conveyance from Pflaum to De Hart, that the mortgage debt was allowed as part of the consideration of the conveyance, all the effect which, under the decision of this court in *Tichenor* v. *Dodd*, 3 *Gr. Ch.* 454, it would have as between grantor and grantee) that there has ever existed any obligation, on the part of De Hart, to indemnify Pflaum against the complainants' mortgage debt. And this consideration is equally fatal to the claim made under the assumption contained in the

deed from the executors of Williams, for it does not appear that they were liable to indemnify their grantor. Each grantee who assumed the payment of the mortgages was bound thereby only to indemnify, and if no liability to pay the mortgage debt existed on the part of his immediate grantor, there is no ground for claim of indemnity on the part of the grantor, and, consequently, no personal liability on the part of the grantee to pay the mortgage debt.

The fact that it does not appear that Pflaum was personally liable to pay the mortgage debt, is fatal to the claim of the complainants against the demurrant.

The demurrer will be sustained, with costs.