Freedman, J.
The principal questions raised by the answer of the defendant Balch are:
(1) That Mrs. Harriet 1ST. Trask, the grantor of Balch, was not liable to pay the mortgages, nor the debt secured by them, and that consequently there was no valid assumption by Balch under the deed to him; and,
(2) That the assumption clause contained in the deed to Balch was placed there by mistake, contrary to the intentions of the parties to said deed, and hence was without consideration.
It may be stated, as a general rule, that if a grantee accepts a deed containing a clause stating that he thereby assumes the payment of a certain mortgage upon the premises conveyed, he is deemed- to have entered into an express undertaking with the grantor *531 to do so, and he is fully bound, though he does not sign or seal the instrument (Belmont v. Coman, 22 N. Y. 438).
The first question which therefore arises is whether the defendant Balch can avoid his liability under the assumption clause contained in the deed to him by showing that his grantor, Mrs. Trask, had not, in the conveyance of the premises to her, assumed payment of the mortgages in question, nor the debt secured by them.
Prior to the decision in Lawrence v. Fox (20 N. Y. 268), the courts of this State placed the liability of a grantee who had assumed payment, upon the ground that, as between the grantor and the grantee, the grantee, by the agreement of assumption, became the principal debtor of the mortgage debt, and the grantor stood in the situation of surety for him ; that the agreement of the purchaser was given for the indemnity of the vendor, who thus stood in the relation of surety for him, and that the mortgage creditor was entitled to the benefit of such indemnity, upon the principle that where a surety, or person standing in the situation of surety for the payment of a debt, receives a security for his indemnity, and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security, though he did not even know of its existence; and consequently it was held that when the grantor, in whose conveyance such a stipulation was contained, was not himself personally liable for the mortgage debt, the holder of the mortgage acquired no right to resort to the grantee for payment (King v. Whiteley, 10 Paige, 465; Trotter v. Hughes, 12 N. Y. 74).
The case of Lawrence v. Fox (20 N. Y. 268), introduced a new principle for the enforcement of liability by reason of the assumption clauses under consideration, and this principle has taken the place of the doc *532 trine of subrogation in equity relied upon in the earlier cases, and has not only virtually set that doctrine aside, but has opened the door to liability beyond that enforced in those cases.
Lawrence v. Fox brought forward more prominently than had been done before, the principle that .where one person makes a promise to another for the benefit of a third person, such third person may maintain an action upon it although not privy to the consideration for the promise, nor cognizant of the promise when made. Whatever doubt w?as at first cast upon this decision, by the fact that it was made by a divided court, was removed in Burr v. Beers (24 N. Y. 178), where the court unanimously reaffirmed the doctrine without discussion on the ground of stare decisis. This was a case where the mortgagor conveyed to the defendant by a deed containing words of express assumption. The action, however, was not brought to foreclose the mortgage, but directly against the grantee upon the promise of assumption. Judge Denio, who had delivered the opinion in Trotter v. Hughes (12 N. Y. 74, approving King v. Whiteley), also delivered the opinion in this case, and declared that the principle of equitable subrogation could not be applied to the case, but that the principle laid down in Lawrence v. Fox governed, and that under that the plaintiff was entitled to recover.
But although the doctrine of Lawrence v. Fox has ever since remained as the rule of decision, in cases clearly within the principle there decided, the courts have been disinclined to extend it, and many subsequent cases, which were claimed to fall within the rule as stated in Lawrence v. Fox, have been distinguished from that case.
In some of thém, some element in the definition of the rule given in Lawrence v. Fox has been wanting. Of this character is Turk v. Ridge (41 N. Y. 201), *533 where there was no absolute promise, but a bond. to be void in case the obligor paid the third person. So in Dingeldein v. Third Avenue R. R. Co. (37 N. Y. 575, reversing 9 Bosw. 79) where the court intimates that taking a conveyance subject to a lien would not be a promise to pay the lien, but holds that taking it subject to a payment to be made, which is not a lien, amounts to such a promise and to an express contract to pay.
Garnsey v. Rogers (47 N. Y. 233) was a case in which a deed, absolute on its face, but in fact intended as a mortgage, was given containing a clause of assumption of prior mortgages. The court went fully into a discussion of the principles upon which, in such cases, the liability of grantees rests, but decided that, as the conveyance was a defeasible one, and had in fact been canceled by a reconveyance, the grantee was not liable. In delivering the opinion of the- court on that occasion, R apallo, J., uses the following language concerning the cases of Lawrence v. Fox and Burr v. Beers, viz:
“I do not understand that the case of Lawrence v. Fox has gone so far as to hold that every promise made by one person to another, from the performance of which a third would derive a benefit, gives a right of action to such third party, he being privy neither to the contract nor the consideration. To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited ; and all that the case of Lawrence v. Fox decides is, that where One person loans money to another, upon his promise to pay it to a third party, to whom the party so lending the money is indebted, the contract thus made by the lender is made for the benefit of his creditor, and the latter can maintain an action upon it. Johnson, Ch. J., and Denio J., placed their votes upon the distinct ground that *534 the contract could be regarded as having been made by the debtor as the agent of his creditor, and that the latter could ratify the contract thus made for his benefit.......The case of Burr v. Beers, though in conflict with Mullen v. Whipple (1 Gray, 317), and apparently in conflict with King v. Whiteley (10 Paige, 465) and Trotter v. Hughes (12 N. Y. 74), may well be sustained for the reason mentioned by Chancellor Kent, in Cumberland v. Codrington (3 Johns. Ch. 254, 258, 261), where he intimates that a spe- , eial agreement between the purchaser and seller of the equity of redemption, by which the amount of the mortgage debt is considered as so much money left in the hands of the purchaser for the use of the mortgagee,, would be sufficient ground for a suit at law by the mortgagee.”
Upon the principles actually decided by the authorities so far considered, it seems as if the claim of the defendant Batch that he is not liable for any deficiency, for the simple reason that his grantor was not liable, could not be denied.
But in strange contrast with the careful distinctions and guarded language of the court of appeals is the language of the commission of appeals in Thorp v. Keokuk Coal Co. (48 N. Y. 253). In this case the grantee’s deed contained a clause of assumption, but the mortgage itself provided that in case of default recourse should first be had by foreclosure and sale to the property described in the mortgage, and that the mortgagor should only be answerable for any deficiency of the mortgage debt after such foreclosure and sale. Earl, C., after referring to the doctrine of Lawrence v. Fox, says: “It matters not that the mortgagor was not liable to pay personally until after foreclosure, and that he was then liable onl^ for the deficiency. It would have made no difference, if he had not been liable at all, the defendant having promised, upon a suf *535 ficient consideration, to pay the debt. This suit is not primarily upon the bond and mortgage, but upon the promise of the defendant to pay it. . . .”
The natural deduction from this opinion is that every promise made on sufficient consideration to do an act beneficial to a third party will sustain an action by such third party, whether he be a creditor of the person to whom the promise is made or not, or have, or have not any interest in the matter other than that arising from the promise ; so that, if this view be correct, the remarks of the court of appeals in Garnsey v. Rogers in reference to the cases of Lawrence v. Fox and Burr v. Beers are at least inappropriate, since the commission of appeals thus assert to be law all that could be implied from the most liberal interpretation of those cases.
The same conflict of views also appears from a comparison of the case of Claflin v. Ostrom (54 N. Y. 581), decided by the commission, with the case of Merrill v. Green (55 N. Y. 270) decided by the court of appeals.
The existence of this conflict of judicial opinion as to the - extent to which the doctrine of Lawrence v. Fox is to be carried, renders it difficult to determine what the precise state of the law is which is to govern the case at bar upon the point I have been considering. None of the cases above referred to directly determines the point in question. The only reported decision which is directly in point, was recently made by the general term of the supreme court of the second department. It was there expressly decided that a grantee of real estate is liable to a mortgagee on a covenant in the deed to pay a mortgage on the land, although his grantor was not liable (Vrooman v. Turner, 8 Hun, 78). The reasons assigned for so holding are far from being satisfactory to my mind ; but as the decision made was made at general term, I deem it best to follow it at special term.
*536 The defendant- Balch being therefore prima fade liable upon his covenant of assumption, though his grantor was not, the next question to be considered is whether he can defeat such liability by showing that such covenant was inserted by mistake.
All the cases agree that such a covenant, in order to be enforceable by a third person for whose benefit it was made, must in point of fact have constituted part of the bargain between the parties to the deed in which it is contained, and that it must rest upon a sufficient consideration. It is not necessary that the consideration should pass from the party seeking to enforce it. But a sufficient consideration between the covenantor and his immediate covenantee is indispensable.
Now it appears by the uncontradicted testimony of Balch, and of the witness Benjamin J. H. Trask, who had conducted the negotiation with Balch as agent of his wife, that the assumption clause appearing in the deed to Balch was placed there by mistake; that it was neither the agreement nor the intention of the contracting parties that Balch should incur any personal liability; that, on the contrary, both the intention and the agreement of the parties was that Balch was not to assume the payment of the mortgage debt. The evidence fully establishes the fact that the mistake was a mutual one, and Balch satisfactorily accounts for not discovering it before the commencement of the suit.
These facts, therefore, establish not only that the covenant in question was no part of the bargain between the parties to the deed, but also that its appearance in the deed was wholly without consideration. They consequently constitute a complete equitable defense. The right to interpose such a defense is expressly conferred by section 150 of the Code. True, a defense like the one which has been interposed in this action, should be closely scrutinized ; but, at the same *537 timé, full effect must be given to it, when fully and satisfactorily established. It having been thus established, the defendant is just as much entitled to the benefit of it, as the defendant in Garnsey v. Rogers was held entitled to the benefit of the defense, that in that case the conveyance was a defeasible one, and had in fact been canceled by a reconveyance. Nothing short of an estoppel could deprive him of it; but of this there is no evidence. Three elements are necessary to constitute estoppel: (1) Declaration made or act done by the defendant, with the intent that it should be acted upon ; (2) That the plaintiff relied and acted upon such declaration or act; and, (3) That the plaintiff, thus misled, would be injured in case the defendant were permitted to retract his declaration or undo his act.
Every one of these elements is lacking in the case at bar. Plaintiffs having purchased the mortgages in question before the deed to Balch was made, it cannot be said that they were influenced or misled by the insertion of the covenant. Nor is there any pretense that they were subsequently misled in any way by discovering it. At the time of the execution of the deed to Balch, Mr. Trask, the owner of the fee, was not liable for the mortgage debt. Neither she nor Balch was under any duty or obligation to the holder of the mortgages to deal with the premises in a particular way. Both were free to make any contract or bargain concerning the mortgaged premises they might see fit to make. Hence the actual fact, the intention of the parties, must govern.
My conclusion is, that upon the facts as they appear, the defendant Balch is entitled to a dismissal of the complaint so far as the same asks for a judgment for a deficiency against him, to a vacation of the provision of the judgment heretofore entered, adjudging him liable to pay the deficiency, and to a reformation of the deed to him by striking therefrom, the covenant *538 of assumption which was inserted by mistake, as aforesaid. Plaintiffs’ objection to the reformation of the deed, on the ground that in the present position of the case the proper parties are not before the court, is obviated by the consent in writing of the defendant Harriet N. Trask, which was produced on the trial. She is, besides the plaintiff, the only party entitled to be heard upon the question.
I am also of the opinion that no costs should be awarded to the defendant Balch.