Learned, P. J.
This is an action to recover for goods alleged to have been sold and delivered to defendant, a married woman. The plaintiff had been selling goods to defendant’s husband for about two years prior to some time in 1881. Then he became distrustful, and told defendant’s husband he would sell him no more. Defendant’s husband then told him he would give him - the best security, and thereupon sent for defendant. She came, and stated to *81 plaintiff that “she was running the business; that the business belonged to her; that all the meat I would leave in the shop she would pay me for, if I was able to sell her.” Plaintiff told her he would sell her all the meat she wanted, and kept on supplying her. This action is for meat sold by plaintiff subsequent to this conversation. This conversation is denied by defendant and by her husband,. It is slightly corroborated by Began, who notified defendant’s husband that plaintiff would sell him no more meat, and who saw defendant have a conversation with plaintiff. It may be noticed, also, that for some years prior to December, 1877, the defendant had carried on the business, and her husband had been her agent, and that after her husband failed, in 1882, she carried on the same business again, with her said husband as agent. The jury evidently believed the plaintiff’s account of the conversation. The judge charged the jury that, if defendant made the agreement detailed in the conversation, she was liable for meat furnished under it. The defendant now' urges that, in fact, the debt was not contracted by her in carrying on her separate business, but that the business was in fact canned on by her husband. Of course, the question is whether, if she made the statement alleged, she is not estopped from denying it. In reply to this, the defendant urges that defendant is not estopped if plaintiff knew that in fact her husband was carrying on the business. Now, no such question was presented on the trial. No request to charge on that point or to submit that matter to the jury was made. The judge charged that a collateral promise of defendant to pay for her husband wmuld not bind; but that, as plaintiff stated, she said the business was hers, and that if plaintiff purchased meat she would pay; that this was an original undertaking on her part. No exception was taken to this.
We cannot then find, as matter of fact, that plaintiff knew that the business W'as in fact the husband’s. True, the business was carried on in the husband’s name, and he gave checks. But those are not conclusive facts showing that plaintiff believed defendant’s alleged statement to be untrue. They are consistent with its truth. The plaintiff says that when he refused! to trust Willson, Willson said he would give him the best security in Lansing-burgh. But that did not necessarily mean that he would give a surety. And. the conversation with defendant, according to plaintiff’s account, contained! no offer to be a surety to the husband, but was a positive statement that the business was her own. An agent may carry on his principal’s business in his own name. It is none the less the principal’s business, and when plaintiff had been informed by defendant that the business was hers, it was immaterial to him whether it was carried on in her name or in her husband’s. If plaintiff’s account of the conversation is to be believed, (and the jury believed it,) there was no agreement of suretyship, but a positive assertion that she was the principal. She had been such before, and she was afterwards, and she said she was at this time. The defendant insists that it was error to exclude evidence that, at the other times when defendant carried on business through her husband as agent, the bank account and checks were in her name. We do not see that that fact, if it had been proved, would have tended to show that her husband was not, at the time in controversy, her agent. A question whether the defendant had credit or money was properly excluded. One is liable for his debts, even if he has no money or credit. That plaintiff had been told, prior to the conversation with defendant, that her husband was irresponsible, in no way affected her liability. It was only the explanation why he stopped selling to the husband, and showed the reason for a cessation of the old dealings. It would do no harm to defendant, and it formed no ground of her liability. "
It was not error to permit plaintiff to testify on whose credit he sold the meat. It was, in substance, stating that he believed the defendant’s statement to be true, viz., that the business was hers. Abb. Tr. Ev. 240, 303.
*82 The court was asked to charge that the acceptance of the husband’s check was presumptive evidence that the credit was given to him. We think the refusal was correct. The manner of carrying on the business might be considered by the jury in passing on the truth of plaintiff’s and defendant’s testimony, but it cannot be said that such a presumption arose as defendant claimed. The circumstance was one to be weighed by the jury, in connection with all the other proof in the case. More than that could not have been said. Judgment affirmed, with costs.
Landon, J., concurs.