DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## January, 1889.

---

ADDISON H. DELAMATER AND OTHERS, APPELLANTS, *v.* DAVID FOLZ AND OTHERS, RESPONDENTS.

*Contractor constructing a city sewer — rights of, as against another contractor upon another part of the same sewer depositing material upon the work of the former—jurisdiction of the State court where the sewer is built on United States land — estoppel.*

A party who, under a contract with a municipal corporation to construct a portion of a public sewer, enters upon such construction and completes the same through land of the United States government, by which authority has been given to the municipal corporation to build such sewer, has a right to the use of the premises so far as may be necessary for the performance of the work, and such right continues, after he has completed the work, until such time as an inspection thereof is made by the city officer whose approval of the work is required by the terms of the contract.

Where another contractor, upon another portion of the same sewer, excavates material and deposits the same upon that part of the sewer constructed by such first-named contractor, and such part of the sewer which is so covered up is afterwards found to be defective by the city officer charged with the duty of examining the work, and the contractor building such part of the sewer is required by such city officer to excavate and rebuild such part thereof, the contractor who has placed the material upon this part of the sewer, and has thereby obliged the contractor constructing the same to expend money in the removal thereof, in order to obtain access to the sewer for the purpose of putting the same in proper condition, is liable for the damages and expenses resulting from his act.

The fact that this work is done upon land of the United States does not deprive the County Court of jurisdiction, where the action involves no question of title, nor any question as to any injury done to the United States, but is confined to the injury done to the plaintiffs, whose rights have been invaded by the defendants.

In order to create an estoppel it must appear that the party claimed to be estopped was chargeable with intent to influence the conduct of the other person, or with reasonable apprehension that such other person would be influenced by the action of the party claimed to be estopped. This is essential to create an estoppel *in pais*, although no intent to mislead is necessary to create it.

APPEAL from a judgment of May 9, 1888, entered in Erie county, upon the report of a referee dismissing the complaint.

*Edmund J. Plumley*, for the appellants.

*Tracy C. Becker*, for the respondents.

BRADLEY, J. :

The action was brought to recover damages alleged to have been sustained by the plaintiffs by the wrongful act of the defendants, in depositing a quantity of broken stones upon the ground over a portion of the sewer constructed by the plaintiffs, pursuant to a contract made by them with the city of Buffalo. The plaintiff Delamater entered into a contract with the city to construct a section of a public sewer, and the plaintiff Everson joined and was interested with him in the performance of the work. The defendants also had a contract with the city for the construction of another section of the sewer, and the two sections joined, and when completed would constitute a continuous line of sewerage. We are advised that the terms, essentially requiring consideration, of the two contracts were the same, and that each of them contained the provisions : First. That any work not specified in the contract, which may be fairly implied or included in the contract, " of which the engineer shall judge," shall be done by the contractor without extra charge. Second. That the engineer shall decide as to disputes between the contractors on adjoining sections as to the manner of connecting the work or otherwise. Third. That all work shall be done to the satisfaction of the engineer, and any unfaithful or imperfect work shall be corrected. After the plaintiffs had constructed their section of the sewer, but before the engineer had inspected the work the defendants, in proceeding with the work upon their section, made excavation through rock by blasting, and deposited the broken stone taken from their work upon a portion of the plaintiffs' section, in which the latter

had constructed the sewer. Afterwards the engineer inspected the plaintiffs' work there, found it unsatisfactory and required them to uncover the sewer and perfect the work of construction as directed by the engineer. To do this it was necessary to remove a portion of the broken stone which had been deposited upon it by the defendants. This the latter refused to do. The plaintiffs did it. The expense of doing it constitutes a portion of the alleged claim for damages. And in view of the findings of the referee in that respect, which were supported by the evidence, no other injury to the plaintiffs was occasioned by the deposit of the stone there. The title to the land through which this portion of the sewer was constructed by the plaintiffs, was vested in the United States, from the constituted authorities of which the board of commissioners of sewers of the city of Buffalo obtained permission to there make the excavation for and put in the sewer. And by the contract made by the city with Delamater, the plaintiffs were permitted to, and for the purposes of the work they undertook to perform, they did appropriate to their use, the land where and upon which they necessarily did such work. This was a qualified possession by them for the time being, of which they had the right of protection against strangers to the title. (*Dyson* v. *Collick*, 5 B. & Ald., 600.) The deposit of the stone over the work of the plaintiffs, resulted in an injury to them, to the extent of the expense requisite to the removal of the stone, rendered necessary for the work of perfecting their job upon the sewer. The question arises whether any right of the plaintiffs was invaded by this act of the defendants, or in consequence of such act. The work of construction of the sewer within the meaning and purpose of the contract, was not completed until it was inspected and accepted by the engineer. Until then the plaintiffs were subject to liability to overhaul the work they may have done, and to remedy any defects in it, and for that purpose they were entitled to the opportunity of doing it. It is, however, said that, as the plaintiffs, several months before the stone were placed there, had treated their work as completed, and left it as such, they then had neither the possession of the premises or any existing right there. Their duty was imposed by and their rights were derived from the contract, and they were concurrent in the sense that such duty and the right to perform it were essentially united, and when the former

existed the plaintiffs were not denied the latter. When they first treated their work as done, the plaintiffs understood that their obligation under the contract was only contingently discharged, and that whether the performance of their work was complete, was dependent upon the result of the inspection by the engineer, subject to which they must be deemed to have left the work. This, it may be assumed, the defendants also knew. By depositing the stone where they did, the defendants interrupted the performance by the plaintiffs of their uncompleted work, which the latter were required and had the right to perform.

The consequence was an invasion of their right. The good faith on the part of the defendants was no protection to them, unless they were relieved from liability by estoppel. The fact that the plaintiffs left the work as completed may have induced the defendants to believe the stone could interfere with no rights of the plaintiffs; but there was no estoppel to aid the defendants. The stone were placed there without any knowledge or consent of the plaintiffs, and they could not be prejudiced by the fact that it was done with the knowledge of the sewer commissioners and engineers; and in view of the fact that the time when the inspection of the work by the engineer, and the determination whether or not it was satisfactory to him should be made, was not within the control of the plaintiffs, their leaving the work ready for inspection, did not have the effect to conclude them from asserting, as against the defendants, that in consequence of the result of the inspection to which the work was subject, the performance of their contract was not completed. Nothing appears in the case tending to render the plaintiffs chargeable with intent to influence the defendants to put the broken stone where they were deposited, or with reasonable apprehension that they would be induced to do so by any act on the part of the plaintiffs. This is essential to estoppel *en pais*, although no intent to mislead is necessary to create it. (*Continental Nat. Bank* v. *Nat. Bank, etc.*, 50 N. Y , 575; *Muller* v. *Pondir*, 55 id., 325; *Payne* v. *Burnham*, 62 id., 69; *Blair* v. *Wait*, 69 id., 113; *Real Estate Trust Co.* v. *Balch*, 13 J. & S., 528, 537; *N. Y. Rubber Co.* v. *Rothery*, 107 N. Y., 310.) It is contended that the actual possession of the *locus in quo* by the plaintiffs, at the time the defendants put the stone there, was requisite to the support of the action, and that they

then did not have such possession. It is true that the maintenance of an action of trespass upon land, strictly as such, is dependent upon possession, actual or constructive, by the plaintiff. The facts, as alleged in the complaint, do not necessarily characterize this as such an action, but it may, if essential to its support, be treated as an action on the case, as that term was understood in the former classification of actions. As before suggested, the qualified possession of the plaintiffs continued until their work was completed. The continuance of possession does not necessarily depend upon a continued corporeal relation to the premises; hence a person does not lose the possession which he has once acquired by mere separation from it. When the plaintiffs took the possession for the purpose of doing the work, it was contemplated that they would retain it until that purpose was accomplished, and no longer; and until then, as against those having no right to it, the possession thus qualified in them may be deemed to have been maintained by a continued purpose to retain it.

This controversy is wholly between the parties to the action. The fact, therefore, that the title was in the United States does not aid the defendants, as they derived no right from the owner, but were mere strangers to the title. (*Wheeler* v. *Lawson*, 103 N. Y., 40; *Miller* v. *Decker*, 40 Barb., 228.) Nor is it necessary to inquire whether the defendants are liable to the United States for the damages resulting to the land by putting the stone upon it. The claim of the plaintiffs is confined to the damages resulting to them in the use of the premises, so far as necessary, for the performance of the work, which they were required and had the right, as against the defendants, to perform there. That was the extent of their right, and their relief must be limited accordingly. And we think that there was no want of jurisdiction in the County Court to entertain the action for the purpose of the relief sought, although the courts of the State may have no jurisdiction over lands of the United States within the State. (*Dibble* v. *Clapp*, 31 How., 420.) Actions for injuries to lands are local, and jurisdiction of them is confined to the States in which the land is situated. (*American Union Tel. Co.* v. *Middleton*, 80 N. Y., 408; *Cragin* v. *Lovell*, 88 id., 258; *Dodge* v. *Colby*, 108 id., 445.) That proposition is not applicable to the present case. The place

in question is within the boundaries of the State, and of the county of Erie. The action involves no question of title to the land or injury to the freehold. It is founded upon the alleged invasion by the defendants of a right of the plaintiffs, in consequence of which the latter, in the exercise of such right, were damnified. The plaintiffs sought to assert no interest in the land other than the right, unmolested by the defendants, who were strangers to the title, to proceed upon it in the performance of their contract, and their possession was such only as was essential to that purpose.

The provision of the contract that the engineer shall decide as to disputes between the contractors of adjoining sections as to the manner of connecting the work, or otherwise, is not in the way of the maintenance of the action. The contract is not set out in the case, and it may be assumed that the clause referred to embraces all that has any bearing upon its construction and effect. The controversy in question does not seem to be within its purpose. It evidently was designed to apply only to disputes relating in some manner to the performance of the contracts by the parties. The contracts were made with them severally by the city. These several contractors did not join in the contracts. But, without reference to this view of the effect of that portion of the contract, it is clear that such decision of the engineer cannot be deemed a condition precedent to the right of action. The rule on that subject and the reason of it needs no amplification here, since it has been distinctly announced in *Delaware and Hudson Canal Company* v. *Pennsylvania Coal Company* (50 N. Y., 250); and in *Seward* v. *City of Rochester* (109 N. Y., 164, 169); and is not inconsistent with the doctrine of *Hurst* v. *Litchfield* (39 N. Y., 377). The finding of the referee to the effect, that the engineer disclaimed having anything to do with the subject of the controversy between these parties, and, therefore, did not assume to make a decision in the matter, was supported by the evidence. No other question seems to require consideration.

The judgment should be reversed and a new trial granted, costs to abide the event.

HAIGHT and DWIGHT, JJ., concurred; BARKER, P. J., not voting.

Judgment reversed and new trial ordered before another referee, costs to abide event.