## Briggs v. Langford.

*(Supreme Court, General Term, Fifth Department. October 19, 1889.)*

Estoppel—Representations—Mortgages.

Where plaintiff was induced to buy land in part by the advice of defendant, and his representation that it was free from incumbrances, such defendant, having purchased a mortgage executed by the former owner of the land, is estopped to deny that the same is unincumbered, though he supposed it to be so when he made such representations to plaintiff.

Appeal from judgment on report of referee.

Action by Alba Briggs against John Langford to restrain the present defendant and one Austin Heath—the latter now deceased—from foreclosing the mortgage mentioned in the complaint, upon the ground that the same had no validity, and was without consideration, and was null and void; and upon the further ground that, at the same time the plaintiff purchased the mortgaged premises, the defendant fraudulently concealed the existence of such mortgage from him. Plaintiff appeals from a judgment entered in Chautauqua county on the report of a referee.

Argued before Barker, P. J., and Dwight and Macomber, JJ.

*Henderson & Wentworth,* for appellant. *B. A. Barlow* and *L. Morris,* for respondent.

Macomber, J. On the 12th day of August, 1875, one Anson R. Day and his wife executed and acknowledged a mortgage upon the lands now owned by the plaintiff, consisting of 11 acres, in the town of Ellory, Chautauqua county, to one Austin Heath, mortgagee, conditioned for the payment of the sum of $1,540, with annual interest; the principal sum to become due in two years from the 2d day of August, 1875. No bond or other obligation to pay such moneys so purporting to be secured by the mortgage, or any part thereof, was executed by the mortgagors, or either of them. This mortgage was recorded in the proper clerk's office on the 26th of October, 1875. The case discloses no facts showing what the actual consideration of the mortgage was, or that it was given for any value whatever, except as the same may be derived from presumptions of law. On the 24th day of November, 1879, Heath assigned the mortgage to the defendant, John Langford, which assignment was properly recorded. This assignment was so made and the mortgage delivered to the defendant, Langford, upon his agreeing to pay to Heath the full sum purporting to be secured thereby, upon which no part, either principal or interest, had been paid, by paying him a part thereof in money at the time of the

assignment, by paying another part as he needed it, and by crediting and applying the remainder of such purchase price upon the debt owing to said Langford by the said Heath.    Anson R. Day and the defendant were brothers-in-law, as were also the deceased defendant, Heath, and Langford, as well as the said Day and Heath.    The premises in question were conveyed by Day and wife to the plaintiff on the 17th day of August, 1876, which deed was properly recorded.    This deed contained a covenant that the premises were free and clear from all incumbrance.

The principal question litigated is whether or not the defendant is estopped to deny that the plaintiff has an unincumbered title of these premises.    All of the parties interested seem to have been present at the negotiations, including the defendant.    The plaintiff objected to closing up the transaction, and receiving the deed, and paying the purchase price of the lands, until he had obtained a search of the title of the property.    Thereupon a search was produced by Mr. Day, showing an unincumbered title down to the time he purchased the premises; and he asserted, as well as did the other members of his family then present, that there was no incumbrance upon the same, as he had had no occasion to execute any such incumbrance.    During this interview the defendant, Langford, said to the plaintiff that he (Langford) thought it was not necessary to wait about signing the papers and finishing up the bargain until the search was brought down to that time, for he thought the premises were clear and free from all incumbrances.    Such is the finding of the referee.    The referee further finds that Langford believed that the premises were free and clear from incumbrances at that time.    Up to the time of the assignment of the mortgage to the defendant, Mr. Heath had made no attempt to foreclose the same, or to assert any right thereto as against the plaintiff.    Day and Heath are both dead, and both died insolvent.    At the request of the plaintiff's counsel, the referee has found that the plaintiff was induced to make the payments for the purchase price of the lands by the representations made to him, "and by the conduct of said Anson R. Day and wife and of said defendant."    We are not unaware that the respondent's counsel claimed before the court, at a time after the appellant's counsel had gone therefrom, that this special finding was a mistake, and that the appellant's counsel did not insist upon its retention, and had promised to strike the same from the case.    Evidently there is some misunderstanding existing between the respective counsel, and some misapprehension on their part of the facts existing.    As it appears to me, this special finding, instead of being contrary to the testimony in the case and to the report of the referee, is a proper and just corollary adduced from them.    In the eleventh finding, as contained in the report, it is found "that at the time of the purchase of the said mortgage by the said Langford, as aforesaid, the said Langford well knew that the said premises were purchased by the plaintiff upon the belief and with the understanding that the same were free and clear from all incumbrance."    It is further found by the report that Langford was not a purchaser of the mortgage in good faith, but took the same chargeable with notice of any and all defenses existing thereto; that the said purchase was not in the usual course of business; and that the assignment was made by Heath to Langford because and for the reason that they believed that the said mortgage could be more easily enforced by the said Langford than by the said Heath.    The learned referee, in his opinion, asserts that the rule is well settled that proof in this class of actions must go the extent of a practical demonstration before relief can be afforded to the injured party.    Applying this rule, he says he is not able to find that the mortgage was without consideration, and is not able to give the plaintiff the relief demanded.    We know of no such rule of evidence in existence in this state.    If there have been intimations of a rule requiring more than a preponderance of the evidence in the case to support a judgment, the same have been disapproved in the decision of the court of appeals in the

case of *People* v. *Briggs*, 20 N. E. Rep. 820, where it is held that, even in an action to recover a penalty, a mere preponderance of the evidence is all that the rule requires to enable the people to recover in a civil action. The referee has found that the assertion made by the defendant was a mere expression of opinion on his part that the premises were, in fact, free and clear from incumbrance, and that he is not bound by the same. This seems to be confounding his responsibility to answer affirmatively for false representations, and his inability, under the doctrine of estoppel, now to assert the contrary of what contributed, in part at least, to induce the plaintiff to purchase the premises in reliance upon the false assertion that the same were free from incumbrance. Supposing Mr. Heath had stood by while owning this mortgage, and had by word and action and advice induced the plaintiff to purchase the lands in reliance upon the false assertion that the same were free and clear from incumbrance, it could not certainly be claimed by him afterwards that the mortgage which he then held, and the existence of which he did not disclose, could be enforced in his behalf. The right of his transferee can be no greater than his own. Under the proofs and finding, he is not a purchaser in good faith, but, on the contrary, he is a purchaser with knowledge that the owner of the lands, at the time of the purchase, induced in part by the advice of the defendant, believed them to be unincumbered, and, acting upon such belief, had paid full value for the same. Under these circumstances, we think that the defendant is estopped to deny that the lands are unincumbered, for the reason that he contributed in part in inducing the plaintiff to purchase the same, relying upon the assertion that they were free from incumbrance. The judgment should be reversed, and new trial granted before another referee, with costs to the plaintiff to abide the final award of costs. This conclusion renders it unnecessary for us to consider the appeal brought by the defendant from that part of the decision and judgment which refused costs to him. All concur.