In the Matter of the Application of ROCHESTER, HOR-
NELLSVILLE & LACKAWANNA RAILROAD COMPANY,
Respondent, to Acquire Lands of CHARLES H. HARTSHORN
*et al.*, Appellants.

*Supreme Court , Fifth Department, General Term, October 19, 1889.*

1. *Eminent domain, Proceedings.*—It is too late, after the appointment of
commissioners and a hearing upon the merits, to object to the petition
and irregularity of the proceedings.
2. *Same.*—The granting to a railroad company a right to enter upon
certain land and build its road, on executing a bond to pay the damages
awarded, precludes the owner from objecting that the land so taken
was such as the company had no right to condemn.
3. *Same.*—The appointment of a receiver of the petitioner in condemnation
proceedings does not change the status of the parties.

Appeal from several orders of the special term in proceed-
ings for the condemnation of land, under the general railroad
act.

*D. L. Benton*, for land owners, appellants.

*Frank S. Smith*, for railroad company, respondent.

*De. M. Page*, for receiver, respondent.

DWIGHT, J.—Of the four appeals, the first is said to have
been taken only *pro forma*; the second raises the question
of the necessity or propriety of bringing in the receiver of
the petitioner, appointed since the proceedings were com-
menced, as a party to the proceedings ; the third is from an
order denying the appellant's motion for leave to file an
answer, after an award and an order on appeal for a rehearing;
and the fourth is from an order appointing commissioners for
such rehearing. The third appeal presents the principal
question in the case.

The facts are as follows : Charles Hartshorn, the husband of one, and the father of the other, of the present land owners, had entered into an agreement with the railroad company to sell to it a right of way, at a price agreed upon, over the lands in question, by the route which was finally adopted. After his death, the appellants, who took title to the lands as his widow and heir at law, declined to carry out that agreement. Negotiations between the parties resulted in an arrangement by which the railroad company were to take immediate possession of the lands in question, and proceed with the construction of their road thereon, upon giving a bond to pay to said owners such damages as should be finally awarded to them, within twenty days from the date of the final order confirming the report of commissioners, in proceedings to be instituted for the condemnation of such lands. The bond was given and accepted. The grant or license was duly executed under the hands and seals of the appellants, granting to the petitioner the right to enter upon and take possession of such of the appellant's lands " as are included in and required for its right of way, and for the construction of its railroad, in accordance with its map on file ; " and the company entered into possession of the lands, and proceeded to construct its road thereon. The condemnation proceedings were commenced by the presentation of the petition herein, at special term, in November, 1887. As was contemplated by the agreement between the parties, the appellants duly appeared at such term and, without answering or objecting to the petition, consented to the appointment of commissioners to appraise their damages ; the appellants themselves naming one of the commissioners thus appointed. They also appeared before the commissioners, at the time fixed by the order and, without any objection to the proceedings on their part, made their proofs in respect to the value of the lands, which had already been appropriated by the petitioner to the purposes for which they were sought to be condemned.

The commissioners having made their award, the land owners opposed the confirmation of their report, and appealed to this court from the order of special term confirming the same.   On such appeal that order. was reversed and the report set aside, on the ground that the agreement of Charles Hartshorn, the ancestor of the appellants, was improperly received in evidence by the commissioners.   See *In re* R. H. & L. R. R. Co., 50 Hun, 29.   The order of the general term also directed a re-hearing of the petition, and a new appraisal by new commissioners, with costs of the appeal to be paid by the petitioner.

In pursuance of that order, the petitioner moved at special term for the appointment of new commissioners.   The application was met by the objection on the part of the land owners that the receiver of the petitioner (appointed since the commencement of the proceedings) was a necessary party to further proceedings, and by an application, on the part of the land owners, for leave to file an answer to the petition.   In response to the objection stated, an order was made bringing in the receiver as an additional party petitioner ; leave to file an answer was denied, and new commissioners were appointed.

We think there was no just ground for either of the appeals now before us.

*First.*   The appellants are estopped from denying the right of the petitioner to condemn the lands in question.   They had granted to the petitioner, in anticipation of proceedings to acquire the necessary title, and in consideration of the bond of the latter to pay the damages to be awarded in such proceedings, the right to enter upon those lands and construct their road.   The lands referred to in the license, being those " required for its right of way and for the construction of its railroad, in accordance with its map on file," were the same as those described in the petition.   The petitioner had gone on under that license, had taken possession of the lands so described, and constructed its road thereupon

at great expense.  The appellants could not afterwards be heard to object that the lands so appropriated were not such as the petitioners had a right to condemn for the purposes for which they were appropriated and used under such license.  It is not considered necessary to cite authorities for so clear an application of the principle of estoppel.

*Second.*  The appellants had effectually waived all objections to the proceedings for condemnation taken by the petitioner.  They interposed no answer to the petition and made no objection to the proceedings until after the award of the commissioners, to whose appointment they had consented.  They exercised an undoubted right in appealing from the order confirming that award, and the order of this court, on such appeal, which, besides reversing the order appealed from, directed a new appraisal by new commissioners, determined the rights of the parties in that respect.  The statute, Laws of 1850, chap. 140, § 15, provides that " On presenting such petition to the supreme court as aforesaid, with proof of service * * * all persons whose estates or interests are to be affected by the proceedings may show cause against granting the prayer of the petition.  * * *  The court shall hear the allegations and proofs of the parties, and if no sufficient cause is shown against granting the prayer of the petitioner, it shall make an order " for the appointment of commissioners. And there are many authorities to the effect that after the appointment of commissioners, and especially after a hearing upon the merits, it is too late to object to the regularity of the proceedings and the petition.  See Dyckman *v.* The Mayor, 5 N. Y. 434; N. Y. & E. R. R. Co. *v.* Corey, 5 How. Pr. 177; *In re* R. H. & L. R. R. Co., 45 Hun, 126.

The second application to the special term was not a proceeding *de novo*, but a continuance of the original proceeding in pursuance of the order of the general term.  The fact that a receiver of the petitioner had been appointed in the meantime did not change the status of the proceeding.  It might still, no doubt, have been prosecuted by the receiver in the

name of the original petitioner, and the addition of the receiver as a party petitioner did not prejudice or affect any right of either party. It did not make it necessary that a new petition should be filed, nor give to the appellants the right to file an answer, which they had waived by proceeding under the original petition without objection.

We do not consider it necessary to consider the objections now sought to be raised to the petition. We may remark that they do not seem to us serious, even if taken by a party who had the right to raise them, and in time. It is enough, we think, for the purpose of this appeal that they were waived by the appellants.

The orders appealed from should be affirmed.

Orders appealed from affirmed, with ten dollars costs and disbursements in each case.

BARKER, P. J., concurs.

## NOTE ON "EQUITABLE ESTOPPEL."

The facts, in Grange v. Palmer, 56 Hun, 481, were held sufficient to constitute an estoppel. But, in Thomson v. Poor, 57 Hun, 285, the facts were held not to constitute an estoppel. See also, Spier v. New Utrecht, 121 N.Y. 420.

The unauthorized statement of the president, privately made, as to lands not granted, is not an equitable estoppel. Johnson v. S. I. G. H. M. Ass'n, 122 N. Y. 330.

Leaving work by a contractor as completed before an acceptance by the engineer, does not create an estoppel, in the absence of an intent to influence the defendant's action. Delamater v. Folz, 50 Hun, 528.

An estoppel in pais, defined. Id.

As to what will constitute an equitable estoppel, see Trustees, etc., v. Smith, 118 N. Y. 634.

The owner cannot be deprived of his land by his mere acquiescence in the possession of another, for less than twenty years, where the latter was not misled or did nothing in reliance upon such acquiescence. Hinkley v. Crouse, 125 N. Y. 730 ; aff'g 52 Hun, 613.

An executor is not estopped from maintaining an action to set aside a transfer made to keep the testatrix' security from her husband's creditors. Place v. Hayward, 117 N. Y. 487.

Written admissions were held, under the circumstances of this case, to estop plaintiff from subsequently asserting her claim against defendant. Dovale v. Ackermann, 60 Hun, 584.

A party, who induces another to contract on the faith of his assertion, cannot afterward deny such fact in an action between them. Stillings v. Haggerty, 59 Hun, 622.

An agreement that the shortage in a cargo should be deducted from the freight charges, estops the carrier in the absence of fraud, mistake or error, from contending that the specified amount was not received. Rhodes v. Newhall, 59 Hun, 616.

A decree on the final accounting, distributing a fund, estops a party thereto from claiming that the testator held it in trust for them. Matter of Crise, 26 N. Y. St. Rep. 84.

The facts were held insufficient to constitute such a ratification of the trustee's act as to estop the town from avoiding an unauthorized deed. Trustees, etc., v. Bowman, 60 Hun, 163.

Obtaining judgment against such trustee for money paid by the grantee, and issuing execution without realizing anything, do not amount to a ratification. Id.

The delay in commencing proceedings in this case was held to be justified by early decisions in respect to the rights of abutting owners. Ode v. Man. E. R. Co., 56 Hun, 199.

An estoppel, defined. Id.

Where a sale of land is made subject to the right of dower and a mortgage, which is assumed by the purchaser, he cannot purchase the premises under the foreclosure of such mortgage and thereby cut off such right of dower. Munroe v. Crouse, 59 Hun, 248.

A stipulation by the second mortgagee that sufficient property be sold under the first mortgage to pay both mortgages, does not estop him from afterwards foreclosing his mortgage, or bind him to compel the purchaser to take the title. Jarvis v. Chapin, 59 Hun, 525.

Where the plaintiff has acted upon the defendant's representation that he signed the guaranty, the latter cannot deny its truth. Met. Mfg. Co. v. McDonald, 26 N. Y. St. Rep. 941.

An adjoining owner, with notice that a building is being erected over an alley by one chargeable with notice of his right, is not estopped from maintaining an action to remove it. Welsh v. Taylor, 50 Hun, 137.

The knowledge of the facts precludes an estoppel. Bowers v. Smith, 54 Hun, 639.

A tenant, who enters upon the enjoyment of a right to collect wharfage, solely under a contract with the department of docks for a lease, is estopped from contesting its validity. Mayor, etc., v. Huntington, 114 N. Y. 631.

A lessee of a wharf, who has had the benefit of a lease, cannot question its validity in an action for rent. Mayor, etc., v. Sonneborn, 113 N. Y. 423 ; aff'g 40 Hun, 639.

A tenant is estopped from denying the title of his landlord and those claiming under him, though the lease shows that the landlord had no legal

7

title, and it is void for want of consideration.   Bohn v. Hatch, 39 N. Y. St. Rep. 404.

He must surrender possession to the landlord before he can assert an equitable right existing prior to the execution of the lease.   Id.

A tenant under a sealed lease cannot deny his landlord's title.   Purton v. Watson, 19 N. Y. St. Rep. 6.

Estoppel of tenant from denying landlord's title.   Matter of Zink, 19 N. Y. St. Rep. 479.   A tenant, holding over the term, cannot deny an implied agreement to hold upon the same terms.   Id.

The facts in this case were held to constitute an estoppel from raising an objection to entering on land so far as necessary to grade and pave the street.   People ex rel. A. L. I. & B. Co. v. Maher, 56 Hun, 639.

As to when a wife is estopped from denying that business carried on by husband was her separate business.   Maher v. Wilson, 50 Hun, 605.

One, inducing another to purchase land on his assertion that it is free from incumbrance, is estopped from claiming under a mortgage, then thereon and subsequently purchased by him.   Briggs v. Langford, 59 Hun, 615.

Personal representatives cannot be allowed to profit by alleging a base motive in their testator.   Lowery v. Erskine, 113 N. Y. 52 ; aff'g 44 Hun, 627.

A party, who · induced another to purchase premises by representing them to be free from encumbrances, is estopped, on taking an assignment of an outstanding mortgage, from foreclosing it.   Briggs v. Langford, 54 Hun, 635.

In order to sustain an estoppel upon the ground of permitting another to mortgage property as his own.   Proof thereof must be clear and convincing, and not rest upon inference only.   Gennerich v. Ulrich, 58 Hun, 609.

Mere knowledge that such party had borrowed money is insufficient. Id.

A receipt for property, given to the sheriff, estops a party from denying its possession.   Austin v. Wauful, 59 Hun, 620.

As to when giving a receipt to a constable for property levied on, does not operate as estoppel, see Toomey v. Lyman, 61 Hun, 623.

A mutual general release between parties to an apparently absolute deed does not estop the grantor from claiming that the deed is a mortgage. Haas v. Nauert, 19 N. Y. St. Rep. 472.

An owner of property cannot, with knowledge, accept the proceeds of sale of that property even though made by a stranger, and afterward set up title in himself.   Thompson v. Angell, 59 Hun, 622.

. Burden of showing ignorance is upon him.   Id.

The circumstances of this case were held to estop the defendants from denying that the sale was made to them and upon their credit.   Dreher v. Connolly, 16 Daly, 106.

As to when a recital in a bond that it was executed under seal estops the obligor from denying, in action on the bond, that it was so executed.   Met. L. Ins. Co. v. McCoy, 35 N. Y. St. Rep. 49.

Silence will not estop, unless there is not only a right, but a duty, to speak. Knox v. Met. E. R. Co., 58 Hun, 517.

The failure of the owners to assert their right, while an elevated railroad is in process of construction, did not, under the circumstances of this case, work an estoppel. Id.

Silence, which misleads, and was intended to mislead, both the court and the plaintiff, estops the defendant from setting up a claim to plaintiff's injury. Clare v. Lockard, 122 N. Y. 263.

The owner of property, which another· has assumed to convey without authority, is not precluded by mere silence from subsequently claiming it. Thompson v. Simpson, 128 N. Y. 270.

There must be a duty and occasion to speak, and the omission must be intentional, or in negligent disregard of the plain dictates of conscience and justice. Id.

Consent to sale by one without title or authority, and acceptance of proceeds with knowledge, preclude the real owner from asserting his legal title. Id.

A town, which has received and used, for proper town purposes, moneys which ought to have gone into the sinking fund, is estopped from claiming repayment. Clark v. Sheldon, 57 Hun, 586.

The facts in this case were held to estop a creditor from asserting his claim against the trustees of a corporation for not filing its report. Kraft v. Coykendall, 54 Hun, 633.

In the absence of any action upon the basis of a written statement by a bank that certain designated securities are held subject to the order of another party, such statement does not preclude the bank from showing that it has a lien on them, under a prior agreement, for advances. Jones v. M. N. Bk., 55 Hun, 290.

In Anthony v. Wise, 130 N. Y. 662, an action was brought to have an assignment, executed by one of the defendants, of certain judgments in his favor against the other defendants, set aside as fraudulent, and to compel a reassignment thereof to the plaintiff. It appeared that the judgments were recovered upon a claim of plaintiff, ·who, as he testified, being a non-resident, transferred the claim to said defendant, who was irresponsible, for a nominal consideration to avoid giving security for costs. This defendant transferred the judgments to one who purchased as agent for the other defendants. In a former action brought by this defendant, the plaintiff testified that he made the assignment to him *bona fide*, and absolutely. It was held that the plaintiff was estopped from denying that the claim was the absolute property of the defendant.

A person, who claims that a deceased has given him certain property, cannot be thereby prevented from establishing the competency of the deceased to make a will, by the peril of forfeiting the property claimed through the gift. Bishop v. Hendrick, 63 Hun, 621. Even though the alleged gift embraced the whole of deceased's property, and, therefore, left nothing for testamentary disposition, still, if the donee prefers to permit the more equitable distribution of the property made by the will, if that

should be found valid, she is not absolutely estopped from afterward asserting her claim by gift. Id.

Where an account is audited by the supervisors at a less sum than that claimed, and the amount so allowed is accepted by the claimant, he is precluded by such acceptance from making any further claim for the same materials or services based upon the ground that the board did not pass on the several items, but only on the account as a whole. People *ex rel.* O'Mara *v.* Board, etc., 63 Hun, 625.

An attorney, who is retained to collect a judgment, and is furnished by his client with a release and satisfaction piece from the judgment creditor, cannot resist payment of the moneys collected thereon, on the ground that there is no evidence that his client owns the judgment. Mahler *v.* Hyman, 43 N. Y. St. Rep. 540. In such case, he is a bailee of the claim for his client and is estopped from denying his title to the money. Id.

Where a bond has been given to the people upon the issuance of a license to sell strong and spirituous liquors at a certain saloon, and a license has been granted on the face of it, the obligors therein are estopped from questioning the authority of the excise commissioners to demand the bond. People *ex rel.* Meakim *v.* Eckman, 63 Hun, 209.

To estop parties to a note, their representations in respect to its consideration and validity must be outside the face of the note. Schnitzer *v.* Husted, 44 N. Y. St. Rep. 783. To say that he is estopped by the instrument itself simply because he has made it, and a third party has dealt with it, is only asserting in another form that fraud, mistake, duress, illegality or want of consideration is no defense. Id. Mechanics' Bank *v.* N. Y. & N. H. R. R. Co., 13 N. Y. 638. If the very words of a contract are to be taken as a representation which estops a party, who makes the obligation, from interposing a defense inconsistent with that representation, then all contracts must be deemed valid which appear to be so on their face, and not only usury, but duress and fraud, can no longer be alleged. Schnitzer *v.* Husted, *ante ;* Clark *v.* Sisson, 22 N. Y. 312.

A defendant is not estopped from claiming that the referee erred in excluding evidence offered under a general denial, because on the trial he obtained an adjournment in order to procure from the special term an order to amend his answer and set up such facts as a separate defense, and, having procured the order, did not avail himself thereof, but appeared before the referee and proceeded to trial under his general denial. Follmer *v.* Frommel, 63 Hun, 370.

Where a warehouseman issues a receipt for goods which states on its face that the warehouse is a free one, and contains no statement of any lien on the goods, he is estopped thereby from claiming, as against a *bona fide* transferee of the receipt, that they are subject to a government tax. First Nat. Bank *v.* Dean, 44 N. Y. St. Rep. 208.

See Page *v.* Kreky, 63 Hun, 629 ; Nellis & Co. *v.* Nellis, 62 Id. 63 ; Minton *v.* N. Y. El. R. R. Co., 130 N. Y. 332; Bowdich *v.* Ayrault, 63 Hun, 23; Kearney *v.* Morris, Id. 635 ; Center *v.* Weed, Id. 560 ; Hoffman *v.* Hoffman, Id. 635 ; Bratt *v.* Scott, Id. 632 ; Snyder *v.* Brooks, Id. 635 ; Williams *v.* Hays, 46 N. Y. St. Rep. 100.