### BRIGGS *v.* LANGFORD.

*(Supreme Court, General Term, Fifth Department.* January 23, 1891.)

1. INJUNCTION—RESTRAINING FORECLOSURE.

    In an action to restrain foreclosure of a mortgage purchased by defendant on premises previously purchased by plaintiff, on the ground that at the time of plaintiff's purchase defendant and plaintiff's vendor fraudulently concealed the existence of such mortgage from plaintiff, where the complaint alleges that the mortgage was fraudulent to the knowledge of defendant and plaintiff's vendor, and that its concealment was with the intent to defraud plaintiff, evidence of defendant's participation in the concealment and in inducing plaintiff to purchase the premises under the belief that they were free of incumbrance is admissible.

2. ESTOPPEL.

    One who induces another to purchase lands in reliance on his assertion that they are free from incumbrance is estopped, against the latter, to claim under a mortgage which exists thereon at the time, and which he subsequently purchases.

Arba Briggs sued John Langford to restrain the foreclosure of a mortgage. A judgment was entered for defendant on the report of a referee, and plaintiff appeals. For former reports, see 7 N. Y. Supp. 358, and 8 N. Y. Supp. 944.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*William H. Henderson,* for appellant. *L. Morris,* for respondent.

MACOMBER, J. This action was brought to restrain the defendant, Langford, and one Austin Heath, the latter now deceased, from foreclosing the mortgage mentioned in the complaint, upon the ground that the same had no validity, and was without consideration, and was null and void; and upon the further ground that at the time the plaintiff purchased the mortgaged premises the defendant fraudulently concealed the existence of such mortgage from him. The action has been tried three times before a referee, resulting each time in a dismissal of the plaintiff's complaint. Upon the first trial the referee held that the plaintiff could not, under the pleadings, prove a want of consideration of the mortgage as against a *bona fide* purchaser. The judgment entered upon that report having been affirmed by this court, (35 Hun, 667, *mem.*,) an appeal was taken to the court of appeals, (107 N. Y. 680, 14 N. E. Rep. 502,) where the judgment was reversed, and a new trial granted. It was held by that court that the purchaser of a mortgage stood in all respects touching the security in the place of the assignor thereof. On the appeal from the decision entered in pursuance of the report of the referee upon the second trial this court granted a new trial, substantially upon the ground that under the findings contained in the referee's report, to the effect that the defendant,

Langford, by his representations to the plaintiff induced the plaintiff to pur-chase the mortgage, he ought not to be heard to claim under such mortgage, although it had an actual legal existence prior to that time, and although he acquired his interest therein subsequent to the representations made to the plaintiff inducing his purchase. The referee, upon whose report the judg-ment now appealed from was entered, has held (if we, in the absence of a written opinion, understand his findings aright) that the plaintiff cannot recover in this action. He accordingly dismissed the complaint, and directed judgment to be entered without prejudice in any manner to any action based upon allegations to the effect that the defendant has by any act or acts con-stituting an estoppel *in pais* entitled the plaintiff to relief.

The facts appearing upon this appeal are certainly not more favorable to the defendant than they appeared on our former hearing as reported in 7 N. Y. Supp. 358. On the 12th day of August, 1875, one Anson R. Day and wife executed and acknowledged the mortgage in question, and delivered the same to one Austin Heath, the mortgagee, said to be for the payment of the sum of $1.540, with annual interest; the principal sum to become due in two years from the 2d day of August, 1875. No bond or other obligation to pay such moneys or any portion thereof was executed either by the mort-gagors or by any other person. The mortgage was properly recorded in the clerk's office on the 26th day of October, 1875. Aside from the presumption of law arising from the existence of the seal upon the mortgage, there was no evidence of any actual consideration or value given for the execution and delivery of the instrument. The assignment to the defendant was made November 24, 1879. The defendant, in consideration of such assignment, agreed to pay Heath the amount thereof as follows: By paying him a por-tion in money, another portion as the assignor should need it, and crediting and applying the remainder of the purchase price upon a debt owing from Heath to Langford. Anson R. Day and the defendant were brothers-in-law, as were also the deceased defendant, Heath, and Langford, as well as said Day and Heath. In the deed of conveyance by Day and wife to the plaintiff, which was on the 17th day of August, 1876, there was a covenant that the premises were free and clear of all incumbrances. The principal question litigated on this last trial was whether the defendant was estopped to deny that the plaintiff has an unincumbered title to the premises. The plaintiff received the deed and purchased the lands in good faith, under the belief that there was no incumbrance thereon, and paid therefor the full value thereof, namely, the sum of $3,750. Anson R. Day died in the year 1877, insolvent, having been in that condition from the time of the delivery of the deed by him to the plaintiff. In his report the referee says that the evidence fails to establish that the assignment of the mortgage was made and delivered without consideration, "but the defendant did have knowledge at the time of the assignment to him that the plaintiff had purchased the said lands under the representations contained in said deed, and that the said lands had been paid for by the said plaintiff, and also the fact that the plain-tiff had no knowledge, at the time of said purchase and payment, of the ex-istence of the said mortgage lien." The referee further finds in his report that the evidence fails to show that this mortgage was made without considera-tion, or was null or void, or that it was made for the purpose of covering up property of Anson R. Day, or for hindering, delaying, or defrauding the creditors of said Anson R. Day in the collection of their demands, or that any concealment of the existence of the lien at the time of the purchase of said lands by the plaintiff was with the intent of Heath or Langford to cheat or defraud the plaintiff. In his special findings, however, the referee has found that, after the papers for the transfer of the property had been pre-pared, but before they were delivered, the grantor and the members of his family refused to proceed further until the defendant, John Langford, who

was brother-in-law of Day, should come to the office for the purpose of consulting and advising with them in relation thereto, whereupon the defendant came, and there stated, in the presence and hearing, of the plaintiff, that he came to look after the interests of Anson R. Day and his wife in the business then being transacted. That he examined the papers, read them over in the presence of the parties, and actually counseled and advised the said Anson R. Day in respect thereto. The plaintiff asserted, in the presence of the Days and of the defendant, that he did not wish to take the deed until a search of the title of the property could be procured, whereupon Day produced a search, showing the title to be free of incumbrance down to the time he purchased the property. The referee further finds in his special findings that "the plaintiff was, by the proceedings at the office where Langford attended, induced to believe that by accepting the deed he would acquire the title to said lands free and clear of all liens and incumbrances, and, so believing, he then and there accepted the deed, and paid the money in the presence of Langford." A further finding by the referee is as follows: "That by reason of the representations so made by the said Day and the other persons there present as aforesaid, the plaintiff was induced to accept said deed and pay said consideration without making any examination in the clerk's office of said county as to the title and incumbrance upon said lands." He further finds that the defendant "well knew that he had aided and assisted and advised the said mortgagors in making said sale with the purpose and intent of securing to said Elizabeth Day, who was a sister of said Langford's wife, a part of the consideration so paid by the plaintiff therefor." And further, "And he [the defendant] then knew that the plaintiff paid said consideration then and there in full, being induced to believe by the representations then made to him by the said Anson R. Day and others, then present, as hereinbefore stated, that the said land was free and clear from all liens and incumbrances as hereinbefore found and stated; and he was induced to make such payment by such representations aforesaid, and by the conduct of said Anson R. Day and wife and of said defendant." The referee further found this as a fact: "And I further find that said Langford was not a purchaser in good faith of said mortgage, but took the same chargeable with notice of any and all defenses existing thereto; that said transaction was not in the usual course of business, and the assignment was made by Heath to Langford because and for the reason that they believed that the said mortgage could be more easily enforced by the said Langford than by the said Heath." Certain requests to find were made in pursuance of the evidence, which were declined by the referee as immaterial, and as not being alleged in the complaint. Among them is the following: (11) "And that the said Day further stated, in the presence of the said Langford and other of the said persons there assembled, that he had not incumbered said property since he had owned it, and that the said property was perfectly clear of incumbrances." Also (request 24) the following: "And said plaintiff was induced to believe that said Langford knew that said lands were unincumbered." Certain other requests to find were made, which were supported by the evidence, which the referee declined to make upon the ground either that the same were immaterial, or that they were not embraced within the allegations of the complaint.

It is quite clear that if the learned referee had deemed the complaint sufficient to support the evidence which had been given, showing the estoppel *in pais,* and thus precluding the defendant from asserting against the interest of the plaintiff that which would be unconscionable, a different result would have been reached by him, both in the findings as made and in the disposition which he made of the special requests to find. Upon the former appeals the question was not discussed by the courts, whatever may have been the form of the objections to the testimony taken at the trial, that the complaint was

not broad enough to sustain a judgment based upon an estoppel against the defendant. The question now is definitely presented, and must be decided. The complaint contains many allegations of fraud perpetrated by Day and his family upon the plaintiff in inducing the latter to take the deed. The case, however, lacks sufficient evidence to sustain those allegations, and to declare the deed to be void for want of consideration, or as being made for the purpose of defrauding creditors, as was contended upon the former appeal. But the following allegation of the complaint is, in our judgment, sufficient to support all the testimony which the referee has received in the case, and which he subsequently declined to consider upon the ground that it was not competent under the complaint: "And that the said lien and incumbrance upon the record, as aforesaid, as plaintiff alleges upon information and belief, was fraudulent and void to the knowledge of the said defendant Austin Heath and the said Langford; and the concealment of the existence of the said lien from the said plaintiff at the time of the purchase of the said lands by the plaintiff was with intent on the part of the said Heath and Langford, and each of them, to cheat and defraud the said plaintiff out of said lands and the money paid therefor." Even if this allegation of the complaint should be deemed to be inartistic in alleging the facts upon which the plaintiff now relies, it surely contains enough to admit the evidence which has been given. Such was the view of the referee at the time of the taking of the testimony and down to the final submission of the case to him for his decision, because, under objection repeatedly made, that the evidence was incompetent under the complaint, the objection was overruled, and the evidence admitted. The plaintiff's counsel, therefore, was not called upon to make any application, so far as the conduct of the trial required him to act, to amend his pleadings. He had the right to assume in this regard that the ruling made when the evidence was adduced would be adhered to; or, if the referee should come to a different conclusion thereon, that the opportunity should be afforded to him to make an application to amend his complaint. But, as said above, the allegations of the complaint that there was a concealment made of the existence of the mortgage was sufficient as a matter of pleading. The facts, some of which are above stated, of Langford's participation in such concealment, or in the inducement to the plaintiff to purchase the lands under the belief that there was no incumbrance, were properly given under such allegation of the complaint. As was stated upon the former appeal, if Heath had stood by while owning this mortgage, and had by word and action and advice induced the plaintiff to purchase the lands in reliance upon the false statement by Day that the same were free and clear from incumbrance, it could not certainly be claimed by him afterwards that the mortgage which he then held, the existence of which he did not disclose, could be enforced in his behalf. The right of the transferee could be no greater than his own. Under the proofs and findings he is not a purchaser in good faith, but, on the contrary, he is a purchaser with knowledge that the owner of the lands at the time of the purchase induced in part by the advice of himself, believed them to be unincumbered, and, acting upon such belief, had paid full value for the same. Under these circumstances, we think that the defendant is estopped to deny that the lands were incumbered, for the reason that he contributed in part to induce the plaintiff to purchase the same relying upon his assertion that they were free from such incumbrance. He places himself, under the evidence, within the rule governing estoppel *in pais*, and he should not be permitted personally to assume an attitude towards the plaintiff in hostility to the condition of affairs which he contributed to bring about. It follows that the judgment should be reversed, and a new trial granted before another referee under the statute.

DWIGHT, P. J., concurs. CORLETT, J., taking no part.